## OSBORN *v.* HENDRICKSON.

Parol evidence is inadmissible to vary the terms of a written contract, so as to make it embrace property not described therein.

APPEAL from the Superior Court of the City of San Francisco.

The plaintiff was the owner of a house occupied by defendant as his tenant. He was also the owner of a judgment against defendant, obtained before a justice of the peace, for nine hun-

dred and fifty-five dollars, which had been appealed to the County Court. This judgment was for restitution of the premises and for treble damages for holding over. When defendant had occupied the premises for two months since the date of this judgment, he employed one David Cohen to purchase the house, the judgment, and the claim for two months' rent. Cohen made the purchase in his own name, telling plaintiff that he wanted the premises for his own use, taking from plaintiff a bill of sale for the house, in which the consideration mentioned was one thousand dollars; and also another written article, assigning the judgment to Cohen for the consideration of nine hundred dollars. There was nothing said in either instrument about the two months' rent, for which this suit was brought. On the trial, defendant offered to prove by Cohen that the claim for two months' rent was included in the arrangement. To the introduction of this testimony the plaintiff objected, which objection the Court overruled, and the plaintiff excepted and judgment being entered against him, he appealed to this Court.

*W. K. Osborn*, for Appellant.

Since the defendant answers by way of avoidance that the plaintiff has assigned the cause of action to a third party, and has shown by his own witness that the third party was his own agent, though the agency was concealed from plaintiff, he is bound by the contract as made, and no rule of evidence is better established than the one that parol evidence cannot be admitted to vary, alter or contradict the terms of a will, deed, or other written instrument. Without reciting the statement of this rule in the elementary books on evidence, as Greenleaf on Evidence, Vol. 1, page 357; Phillips on same, Vol. 1, pages 560–1–2–3, (on written contracts of sale and bills of sale of personal property); Cow. and Hill's notes to Phillips' Evidence, 2d Vol., pp. 1467–79; Stephens' N. P. 2d Vol., p. 1537; our Supreme Court say in case of Leonard v. Vischer, 2 Cal. R., p. 37–8, "Parol evidence cannot be admitted to alter or vary the terms of a written contract," and reversed the judgment because the Court had admitted parol evidence of the terms of a contract of labor which was in writing, and the instrument in evidence.

The same dictum is repeated in Shreve v. Adams and Morgan, 5 Cal. R., April Term.

The same doctrine is laid down in Hunt v. Adams, 7 Mass. R., 518; Stackpole v. Arnold, 11 Mass., 27; Boorman v. Johnson, 12 Wend., 513; Erwin v. Saunders, 1 Cow., 249; Parkhurst v. Van Courtland, 1 Johns. C. R., 273; and other cases innumerable might be quoted. In Williams v. Jones, 5 Barn. and Cress. 108, the Court say: "Where there is a contract in writing for the sale of goods, evidence will not be allowed of conversations pre-

vious to or cotemporaneous with the bargain, for the purpose of proving that the price was to be different, or a different quantity was to be delivered;" also, more directly in point the Court say in Lane *v.* Neale, 2 Starkie's C., 105, as quoted in Starkie on Evidence, Vol. 3, p 1006: "Where a contract is entered into for the sale of goods, and a bill of sale afterwards executed, the bill of sale is the only evidence of the contract which can be received, and parol evidence of the agreement cannot be received, even though the written bill of sale be inadmissible for want of a stamp."

In Dunn *v.* Hewitt, 2 Denio, 637, the Court say: "Where the existence of a bill of sale becomes known only on the second cross-examination of a witness, who has proved the same by parol, the parol testimony should be stricken out."

The propriety and reason of these rules of evidence are obvious and are clearly stated by one of the oldest English authorities, Lord Coke, 5 R., 26: "It would be inconvenient that matters in writing, made on consideration, and which finally import the truth of the certain agreement of the parties, should be controlled by an averment of the parties, to be proved by the uncertain testimony of slippery memory."

The force of this reason is most clearly seen in the present case, in which the witness had forgotten, and denied at first the existence of the written assignment. Yet this witness is allowed from memory to impeach and vary—indeed, wholly to alter this same written assignment.

*E. L. B. Brooks* for Respondent.

The only question in the case is, whether the rent for May and June were embraced in that settlement.

Cohen's testimony is supported by the circumstances; his mission is to settle all matters between the litigants: he would hardly have given nine hundred dollars for a judgment that had not more than one-third of that sum as a substantial basis, and which, in the end, was quite likely to go against him, on the plea of tender. Persons do not jump so eagerly as that at a lawsuit.

Now, the consideration of a deed of the most solemn character may, as I understand the law, always be inquired into by parol, because the particular sum named is not of the essence of the contract. Any sum, however small, will bind the contract, and parties may put in more or less in the written instrument to suit their fancy, or their views of speculation, and to contradict the sum named; and should it appear, by verbal testimony, that a greater or less sum was really paid, it has not, according to my recollection, been considered as contradicting a written instrument.

BURNETT, J., delivered the opinion of the Court—MURRAY, C. J., concurred.

The only question is whether this testimony is in violation of the rule which will not permit of parol testimony to contradict or vary the terms of a written contract. The testimony of Cohen agreed with the written instruments, that the whole consideration paid by Cohen was one thousand nine hundred dollars, and according to his statement the rent was in fact intended to be included with the house and the judgment; while there was some other testimony tending to show that the real understanding between the parties did not embrace the two months' rent. The decision of the Court below is substantially based upon two grounds: First, that parol testimony may be received to prove that the consideration mentioned in a deed is not the true consideration given by the purchaser; second, that in this case Cohen acted in fact as the agent of defendant, and paid the one thousand nine hundred dollars for the house, the judgment and the rents—that while it was necessary to have a written assignment of the judgment, and a bill of sale for the house, it was not requisite that payment of the rent should be evidenced by writing, and that parol testimony could be received to show that the nine hundred dollars, stated in the written assignment as being paid for the judgment, was in fact paid both for the judgment and the rent.

It would seem clear, upon principle, that this case must be determined as if the question was between plaintiff and Cohen. The defendant permitted Cohen to act in his own name, and to hold himself out to plaintiff in a false character, and having enjoyed the supposed advantage of this conduct, he is estopped to deny the character assumed by Cohen. Suppose, then, the question to have arisen between Cohen and plaintiff, as to whether plaintiff had assigned his claim for the two months' rent under the written contract, would it then be competent for Cohen to enlarge the written articles so as to include claims not therein mentioned? And suppose a deed to state that for a given sum a party sells to another a certain tract of land, describing it, could the vendee show, by parol proof, that the contract embraced another tract of land not described? I apprehend not. The present case does not relate to the amount of the consideration paid, as that was admitted to be truly stated; but the question regards the property purchased by Cohen. What property did Cohen purchase with the one thousand nine hundred dollars? The writings say so much, and the parol testimony states it was that much *and more.* Is not this clearly varying the terms of a written contract? A bill of sale for one piece of property might be made to include any number by parol testimony, if such a rule could be tolerated.

As a new trial must result in no good, under our view of the

law, the judgment of the Court below is reversed, and the Court below directed to render judgment for plaintiff for the amount claimed in the complaint, and not denied in the answer.