[Civ. No. 280.   Second Appellate District.—June 3, 1907.]

## J. C. WILLMON, Appellant, v. GEORGE H. PECK et al., Respondents.

SPECIFIC PERFORMANCE—DEFINITE DESCRIPTION OF LAND—PAROL EVIDENCE—NEW DESCRIPTION.—In an action for the specific performance of a contract for the sale of lots, where the description in the contract is definite, certain, and complete, and described land not belonging to the defendants, parol evidence is inadmissible to show that the contract was intended to describe lands elsewhere situated belonging to the defendants by a new and wholly distinct description, which is sought to be made the subject of the action.

ID.—DISREGARD OF PAROL EVIDENCE ADMITTED—FINDING.—Where the court improperly admitted parol evidence to supply a new and distinct description of land, such evidence was entitled to no weight whatever, and the court properly disregarded it, and found that the contract was fatally defective for want of description of the land claimed in the action to be covered thereby.

APPEAL from a judgment of the Superior Court of Los Angeles County.   D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Harris & Harris, for Appellant.

Frank Karr, and Wellington Clark, for Respondents.

SHAW, J.—Plaintiff appeals from a judgment rendered in favor of defendants in an action for the specific performance of a contract to purchase real estate.

At the time of the transaction, George H. Peck was the owner of the east half of the only block numbered 61 located in the city of San Pedro, which east half of said block comprised lots 7 to 12, both inclusive. Neither defendant had or claimed any interest in the west half of said block, which comprised lots 1 to 6, both inclusive. It appears from parol testimony that sometime prior to February 3, 1903, the date of the alleged purchase, a real estate broker, as the agent of said George H. Peck, and at his request, made a rough pencil sketch of said east half of said block 61, showing the same to be divided into lots numbered 1 to 14, both inclusive, which sketch was shown to said George H. Peck and posted in his office. This sketch or subdivision of the east half of said block was exhibited to the plaintiff by said agent, who pointed out to him upon the ground that portion of said east half of said block corresponding to lots designated as 5 and 6 upon said rough pencil sketch so made by said agent. This sketch was never filed for record, nor was it produced at the trial, though the said agent then made and exhibited a copy of said sketch as nearly as he could reproduce the same, which, like all of the foregoing parol testimony, was received in evidence over the objections of the defendants. No survey was ever made of the east half of said block for the purpose of subdividing it. It was agreed between plaintiff and said agent acting for defendant George H. Peck that plaintiff would purchase lots 5 and 6, as designated on said pencil sketch; whereupon plaintiff gave to said agent his check, payable to said George H. Peck, for $100, as a deposit upon the purchase price of said lots, which check said Peck received and cashed, and thereupon delivered to said plaintiff a receipt reading as follows:

"San Pedro, Feby. 3rd, 1903.

"Received from J. C. Willmon one hundred dollars part payment on lot 5 & 6, block 61, San Pedro. Full price $1500.00.

"GEO. H. PECK."

Plaintiff thereafter tendered the balance of the purchase price and demanded a conveyance of lots 5 and 6, as designated upon said so-called subdivision of the east half of block 61, which deed also described said lots by metes and

bounds; and upon a refusal of said demand brought this action.

Both the check and the receipt describe the property sold as being ''lots 5 and 6, block 61, City of San Pedro,'' both of which lots are in the west half of said block, and neither of which was owned by either of the defendants. The lots involved in this action are admittedly not the ones so described, but are lots 5 and 6 as delineated upon the alleged pencil sketch of what was represented to plaintiff as being Peck's subdivision of the east half of block 61; and while the trial court permitted parol evidence tending to prove that the lots sold were other than those so described in the writing, it, in effect, found that such evidence was valueless; and as a conclusion of law the court found, inasmuch as parol testimony could not be received for the purpose of supplying the description of real estate in the contract for the sale thereof, that said contract was fatally defective for want of description of the lands claimed to be covered thereby, and that said defects could not be supplied by parol evidence. In making this finding the court arrived at the same result, though in a roundabout way, as though it had excluded the testimony in the first instance. The evidence was improperly admitted, and having been admitted, ''it was entitled to no weight whatever, and should be given none in arriving at a conclusion as to the sufficiency of the evidence.'' (*Hoult* v. *Baldwin,* 78 Cal. 410, [20 Pac. 864].)

The conclusion of the trial court was undoubtedly correct. The land described in the receipt, lots 5 and 6, block 61, in the city of San Pedro, is situated in the west half of said block; but it was not these lots, the conveyance of which the plaintiff sought to enforce, but other lots situated in the east half of said block, and which he sought to identify and describe by parol testimony. The law seems well settled that, in order to warrant the specific performance of a contract for the conveyance of real property, the agreement to convey must not only be in writing and subscribed by the party to be charged, but the writing must also contain such a description of the property agreed to be sold, either in terms or by reference, that it can be ascertained without resort to parol evidence. (*Marriner* v. *Dennison,* 78 Cal. 208, [20 Pac. 386]; *Craig* v. *Zelian,* 137 Cal. 106, [69 Pac. 853].) Where there

is an incomplete description, parol evidence not inconsistent therewith may be offered in aid thereof, not, however, for the purpose of introducing a new description. Thus, where the subject of a contract of sale was a certain quantity of fruit from sundry orchards in Ontario and Cucamonga, parol evidence was held admissible to identify the orchards. (*Ontario etc. Assn.* v. *Cutting F. P. Co.*, 134 Cal. 21, [86 Am. St. Rep. 231], 66 Pac. 28.) Here the description in the contract is definite, certain and complete, and it is sought by parol evidence to show that the subject of the contract was entirely a different piece of land. This would be in violation of express statutory provision. (Civ. Code, sec. 1741.) "It must, of course, appear from the memorandum what is the subject matter of the defendant's engagement. Land, for instance, which is purported to be bargained for, must be so described that it may be identified." (Browne on Statute of Frauds, sec. 385; *Ferguson* v. *Blackwell*, 8 Okla. 489, [58 Pac. 649].)

The judgment is affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 1, 1907.