[Civ. No. 2460. Fourth Appellate District.—January 25, 1940.]

PALM SPRINGS–LA QUINTA DEVELOPMENT COMPANY (a Corporation), Appellant, v. PALM SPRINGS LAND & IRRIGATION COMPANY (a Corporation), Respondent.

S. W. Newman for Appellant.

L. J. Difani and Mitchell, Silberberg, Roth & Knupp for Respondent.

GRIFFIN, J.—This was an action in declaratory relief brought by plaintiff against the defendant for the purpose of having the court make its written declaration concerning the controversy between the parties regarding the fact as to whether or not a certain parcel of land described in the complaint was subject to the provisions of a contract entered into between plaintiff's assignors and defendant on February 1, 1936. The amended complaint alleges that certain real property described therein (hereinafter referred to as the property in dispute) "is part of the land generally described in said contract . . . ". This allegation is denied in the answer and it is therein alleged that the property in dispute is not a part of the property described in the contract and was not owned by the defendant at the time the contract was executed, but was acquired some time thereafter.

The sole issue which the pleadings present for determination is whether the tract of land particularly described in the

complaint is a part of the real property described in the written contract. The only description of the property thereby covered which is found in the contract of February 1, 1936, is contained in the following recitals and provisions, viz.:

"Whereas, Seller is the owner of a certain tract of land, comprising approximately 1000 acres, situate in the County of Riverside, State of California, and known as La Quinta; and

"Whereas, said 'Seller' has, prior hereto, engaged in an extensive campaign of development, improvement and sale of lots from said tract; and . . .

"Whereas, said Buyers have organized a corporation under the name of Palm Springs-La Quinta Development Company, for the express purpose of exploiting and selling the said properties hereinabove referred to, . . .

"Now, Therefore, in consideration of the premises, . . . it is hereby agreed:

"1. Seller hereby grants to Buyers the sole and exclusive right and privilege to purchase and to sell said properties, upon terms and conditions following . . . "

The property in dispute consists of approximately 160 acres, adjoining in the extreme southeast corner, the property owned by the defendant on February 1, 1936. The court found in favor of defendant's claim.

Appellant contends that for the purpose of identifying the land which would be the subject of the contract thereafter to be executed, two of the plaintiff's assignors and the president of the defendant company went upon the land and identified the same physically. It sought to show by parol testimony, that when the foregoing parties came to or upon the disputed parcel an extended discussion took place between them concerning its desirability and availability for subsequent sales purposes; that defendant's president particularly made it known that defendant did not then own the disputed property but that it could acquire it whenever it saw fit so to do; that the disputed property would be acquired by defendant in due course of business and that when the time came for making it available for sales purposes defendant would acquire it and have it available to plaintiff for sales purposes under the terms of the contract thereafter to be executed; that following the physical examination of the property the contract of February 1, 1936, was executed. De-

fendant made many units of the property described in the contract available to plaintiff for sales purposes. However, it refused to make available to plaintiff the disputed property and on or about January 4, 1938, the controversy actively arose when plaintiff wrote to defendant, insisting that the disputed property be made available to it. Thereafter the within action was filed. During the trial the court received, over defendant's objections and subject to its motion to strike, testimony of certain witnesses. The testimony of Edward Glick and Frank Stone, president and secretary, respectively, of plaintiff corporation, was to the substantial effect that prior to the making of the contract of February 1, 1936, they, together with Harry Kiener, president of defendant corporation, went down to La Quinta, California, and examined in detail the land that was to be made subject to the terms of the contract; that during this examination, the disputed property was specifically pointed out and its availability for the purposes of the contract was thoroughly discussed; that it would be part of the subdivision project to be included and embraced within the terms of the contract later to be executed; and that when defendant actually did acquire it, it would be made available under the terms of the contract, to plaintiff, in orderly sequence following the subdivision of other property covered by the contract.

Kiener not only denied that the conversation to which the officers of plaintiff corporation testified ever occurred, but he also testified that he carefully showed them on a map the property which was covered by the contract and told them that the owner of the property in dispute had refused to sell and that such property could not be secured. Hale, the owner of the property in dispute, was in Kiener's office in October, 1935, and then told Kiener in the presence of Stone, secretary of plaintiff corporation, that he would not consider a sale of the property.

At the conclusion of the taking of the evidence, and pursuant to leave of court, defendant filed its written motion to strike the testimony of plaintiff's witnesses heretofore mentioned, and this motion was granted and the testimony ordered stricken. Appellant contends that the action of the trial court, in substantial effect, left plaintiff without any testimony to support the position taken by it under the pleadings. In other words, plaintiff, while it does not question the sufficiency of the evidence to support the findings, complains

that certain evidence was stricken on motion of defendant, that the ruling of the court striking out such evidence was erroneous, and that had said evidence remained in the record the court might have reached a different conclusion on the question of whether or not the property in dispute was a part of the property referred to in the contract. The property is described in the contract as a tract of approximately 1000 acres *owned* by the defendant, situated in Riverside County, and known as La Quinta. The tract of real property in dispute was not owned by the defendant on the date of the contract nor had defendant any interest of any kind therein, all of which was known to appellant. However, many months subsequent to the date of the contract defendant acquired title to the property in dispute. No issue of fraud or mistake is presented by the pleadings nor is any ground for reformation of the contract alleged.

Appellant first argues that it was competent for the parties to contract for the sale of the disputed property even though at the time of the making of the contract defendant did not have an inchoate title and that plaintiff under such a contract would be compelled to accept the disputed properties and defendant was obliged to convey at the appointed time upon acquiring title thereto, citing *Wheat* v. *Thomas,* 209 Cal. 306 [287 Pac. 102], wherein a contract for the sale of real estate was under consideration. In that case, at the time of the drafting of the contract the vendor did not have title to the property described therein. Specific performance was sought to compel the vendor to make a conveyance of the property described in the contract. The lower court decreed such specific performance and upon appeal it was contended by appellant that she was not bound by the terms of the contract to the extent that specific performance could be invoked for the reason that at the time of the making of the contract she did not have title to the property which was to be the subject of a later conveyance. Our Supreme Court upon this question, in affirming the decree, in providing for specific performance, said:

"It is a settled rule in this state that the vendor need not have even an inchoate title at the time of the contract; that he may sell land to which he has no title, and the contract will be valid and enforceable if, when the time for performance arrives, he is able to furnish the title he contracted to convey. (Citing cases.)"

Respondent admits as a proposition of law that if the contract in question definitely described real property which the defendant did not own, the validity of the contract could not be questioned. The statement of the proposition of law above related, therefore, assumes that the defendant did, in fact, by its written contract of February 1, 1936, agree to convey property not then owned by it. This assumes the very fact in dispute. The controversy here centers upon what property the defendant, in writing, did agree to convey. In the solution of that problem, the mere fact that defendant might legally agree to convey property which it did not own is of no assistance. The cases cited by plaintiff under this point are not, therefore, helpful.

The rule against admission of parol evidence, where such evidence has the effect of varying or contradicting the terms of a written contract, is expressed both in Civil Code section 1625 and Code of Civil Procedure section 1865. It is to be noted that no mistake or imperfection of the writing is put in issue by the pleadings, nor is the validity of the agreement in fact in dispute. The word "owned", or "owner" is one of fixed and definite meaning and gives rise to no such extrinsic ambiguity as will permit evidence that it was intended to include property thereafter acquired. Nor is any issue made by the pleadings with respect to which such evidence might be responsive. The complaint charges that the property in dispute is part of the property described in the contract. The only property described in the contract is property then owned by the defendant. To now permit evidence which would prove that the contract was intended to describe not only property owned by the defendant but property which it was thereafter to acquire would clearly and definitely alter and vary the terms of the written agreement and impart to the written agreement an additional term and an additional obligation on the part of the defendant. (*Thoroman* v. *David*, 199 Cal. 386 [249 Pac. 513]; *Osborn* v. *Hendrickson*, 7 Cal. 282; *Empire Investment Co.* v. *Mort*, 169 Cal. 732 [147 Pac. 960]; *Fraters G. & P. Co* v. *Southwestern C. Co.*, 200 Cal. 688 [254 Pac. 1097]; *Parkford* v. *Union Drilling etc. Co.*, 118 Cal. App. 538 [5 Pac. (2d) 440]; *Rottman* v. *Hevener*, 54 Cal. App. 474 [202 Pac. 329]; *Craig* v. *Zelian*, 137 Cal. 105 [69 Pac. 853]; *Willmon* v. *Peck*, 5 Cal. App. 665 [91 Pac. 164].)

In *Marriner* v. *Dennison*, 78 Cal. 202 [20 Pac. 386], it was said: "But parol evidence cannot be heard to furnish a description. The only purpose for which such evidence can be heard is to apply the description given to the subject-matter. . . ." There are cases in which the statute of frauds has been held to have been satisfied by a description of the property as "my farm in Riverside County" or the land "owned by me" in a locality, but in no such case has evidence been permitted except to identify "my farm" or the land "owned by me". No case can be found wherein it is held that the description is sufficient under the statute if parol evidence is necessary to supply a description rather than identify the land described. It is plain enough that here the plaintiff seeks to go beyond the provisions of the contract and solely by parol evidence to prove that the contract included property which defendant did not own but was thereafter to acquire. ■ The rule, therefore, appears to be that where the description, so far as it goes, is consistent, but does not appear to be complete, it may be completed by extrinsic parol evidence, provided a new description is not introduced into the body of the contract, and the complaint must contain the averments of such extrinsic matter as may be necessary to render the description complete. (*Russell* v. *Ramm*, 200 Cal. 348 [254 Pac. 532].) The term "owned" is one of plain and certain meaning and the court was justified, under the language of the authorities above cited, in being guided by the language there used and construing the intention of the parties to have been in accordance with their agreement. The trial court, in the course of a written opinion, succinctly stated the proposition presented and in our opinion has adopted a reasonable interpretation which rightfully cannot be changed or altered by an appellate tribunal. (*Slama Tire Protector Co.* v. *Ritchie*, 31 Cal. App. 555 [161 Pac. 25].) The opinion of the trial court reads in part as follows:

"Plaintiff contends that the description in the contract being ambiguous, parol evidence is admissible to determine just what property was embraced within the description. In general, this rule is correct; however, parol evidence is not admissible to so identify the land where the evidence offered would serve to contradict the unambiguous portion of the description. There is nothing ambiguous in that portion of the description which refers to the lands as being 'owned

by the defendant'. The only ambiguity therein arises through the use of the words 'one thousand acres'. Parol evidence would unquestionably be admissible to show the definite description of the one thousand acres, but to admit additional evidence showing that the parties intended therein to include property not owned by the defendant would not only vary the terms of the written instrument and insert a new description not therein included but would also serve to add additional terms to the writing, to wit: an agreement on the part of defendant to sell lands not then owned by him. It is the opinion of the court that this would violate both the parol evidence rule and the statute of frauds. See *Marriner* v. *Dennison*, 78 Cal. 202 [20 Pac. 386]; *Willmon* v. *Peck*, 5 Cal. App. 665 [91 Pac. 164]; *Craig* v. *Zelian*, 137 Cal. 105 [69 Pac. 853].''

The facts of the instant case do not justify the application of the rule of estoppel as announced and applied in the case of *Work* v. *Associated Almond Growers*, 102 Cal. App. 232 [282 Pac. 965].

For the reasons expressed the judgment of the trial court is affirmed.

Barnard, P. J., and Marks, J., concurred.