96   61
130 560

</div>

[No. 14915.   Department Two. — August 30, 1892.]

## W. C. MAZE, APPELLANT, v. ALEXANDER GORDON, ADMINISTRATOR, ETC., RESPONDENT.

REAL ESTATE BROKER — CONTRACT OF EMPLOYMENT — DESCRIPTION OF LAND — ACTION FOR COMPENSATION — EVIDENCE. — A contract to employ a real estate broker need not describe the lands specifically if the terms of the employment can be made definite without it; but where the contract of employment attempts to limit the employment to certain specified property, and is an action to recover compensation for a sale negotiated, it must be shown that the property sold is within the description given in the contract, in order to entitle the broker to recover his commissions for the sale, unless a ratification of the sale as made is shown.

ID. — RATIFICATION OF UNAUTHORIZED SALE — KNOWLEDGE OF TERMS AND CONDITIONS. — Before a ratification by the owner of lands of a sale thereof

by a broker, not within the terms of his authority, can be inferred, it must be shown that the owner had knowledge of the terms and conditions of the sale.

ID. — OFFER TO BUY OFF INTENDING PURCHASER — FINDING OF CONTRACT. — Where a real estate broker negotiated a sale of lands upon different terms and conditions from those authorized in his contract of employment, an offer by the owner of the land to the intending purchaser to buy off his claim cannot be construed as a ratification, and although evidence of some value, is too equivocal to justify the finding upon it alone of a contract of sale.

ID. — WITHDRAWING PROPERTY FROM SALE — RIGHT TO COMMISSIONS. — Where the contract of employment provides that if the owner should, before the expiration of the contract, withdraw the sale of property therein specifically described, the broker should be entitled to his commission, the broker is entitled to recover such commissions as a debt due from the owner, upon his withdrawing such property from sale within the time named, even though the broker should not have found a purchaser for such property.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Edward Lynch, R. B. Terry,* and *G. E. Colwell,* for Appellant.

Hamilton, the principal, having revoked the agent's power to sell, is liable to the agent for the commission contracted to be paid in that event. (*Blumenthall* v. *Goodall,* 89 Cal. 253; *Crane* v. *McCormick,* 28 Pac. Rep. 222; *Fisk* v. *Henarie,* 13 Or. 156; *Brown* v. *Pforr,* 38 Cal. 552; *Phelan* v. *Gardiner,* 43 Cal. 311; *Phelps* v. *Prusch,* 83 Cal. 628; *Fiske* v. *Soule,* 87 Cal. 321; *Dolan* v. *Scanlan,* 57 Cal. 266; *Toomy* v. *Dumphy,* 86 Cal. 642.)

*J. P. Meux,* for Respondent.

The power to sell authorized a sale upon the terms specified in the power. (*Mora* v. *Murphy,* 83 Cal. 12; *Holbrook* v. *McCarthy,* 61 Cal. 216; Pomeroy on Contracts, sec. 78; *Sibbald* v. *Bethlehem Iron Co.,* 83 N. Y. 378; 38 Am. Rep. 441.) A broker is never entitled to commissions for unsuccessful efforts in making a sale. (*Sibbald* v. *Bethlehem Iron Co.,* 83 N. Y. 378; 38 Am. Rep. 441; *Dolan* v. *Scanlan,* 57 Cal. 261.) This is an

action brought to recover compensation alleged to have been earned under a contract authorizing the agent to sell, and not one sounding in damages for the breach of that contract.    Unless, therefore, the plaintiff can show that he made a sale in pursuance of the authority, he cannot recover, as damages claimed for the breach of a contract of the character alleged cannot be enforced. (*Waterman* v. *Boltinghouse*, 82 Cal. 659; *Pac. F. Co.* v. *Adler*, 90 Cal. 110; Civ. Code, 1670, 3300.)    If the action had been for a breach of the contract, then it must be shown that within the time limited by the contract the plaintiff could have sold the land in accordance with the terms fixed.    There is no evidence whatever of this character.    (*Neilson* v. *Lee*, 60 Cal. 555; *Hinds* v. *Henry*, 36 N. J. L. 333; *Walker* v. *Tirrel*, 101 Mass. 257; 3 Am. Rep. 352.)

TEMPLE, C.— Plaintiff's appeal from the judgment and an order refusing a new trial.    Action to recover broker's commission.

The broker was employed under the following contract: —

"Know all men by these presents, that I have this day placed in charge and possession of W. C. Maze, as broker, for sale for the term of twelve (12) months from date hereof, the following described property, to wit, secs. 1, 2, 3, 10, 11, 12, 13, 14, and 15 of township 11 south, range 19 east, containing 5,720 acres, or any number of acres agreed on of above-numbered sections, commencing on the north side, at $7 per acre, and agree to pay 5 per cent on small sales, and 3½ per cent on entire tract of 10,840 acres, for $75,000, with improvements thereon; and I hereby agree that if, during said time or thereafter, and before the said W. C. Maze shall have been notified in writing not to sell said property, he shall make sale, or any sale be made, of said property for the sum of $7 per acre, or $75,000 on entire tract, or any less sum hereafter fixed by J. H. Hamilton, to pay the said W. C. Maze 3½ and 5 per cent commission on the

gross amount of said sale, and further agree to pay
the said W. C. Maze the like commission in the event of
withdrawing the sale of said property during said time.
Said W. C. Maze is authorized to allow any person ap-
plying to purchase said property as aforesaid a reason-
able time to examine the title thereto, and to give such
person a receipt for the deposit made, with the condition
that if the title is defective the deposit will be returned,
and also the sum of $0,000 to cover expenses of examina-
tion of title. And it is further agreed that in case I con-
summate the sale or exchange land at any time to the
said W. C. Maze's customer, he having shown or called
the attention of said customer to the above property,
and he afterwards becomes a purchaser, to pay the above
compensation, and will also pay the above compensation
if I should find purchaser.

"Witness my hand this twenty-ninth day of October,
1886.                              J. H. HAMILTON."

The broker found a purchaser for the entire tract of
10,840 acres, and entered into a written contract with
the proposed purchaser in the name of his principal.
The terms of the sale differed materially from those au-
thorized in the broker's contract. The tract of 10,840
acres is described in the purchaser's contract as the east
half of township 11 south, range 19 east, Mount Diablo
meridian, excepting section 36, and 40 acres in section
12, which is not owned or possessed by Hamilton. It is
averred in the complaint that this is the entire tract of
10,840 acres alluded to in the contract.

The complaint contains three counts. In the first, it
is averred that the sale made was ratified by Hamilton.
In the second, that after the purchaser was found and
sale made, Hamilton withdrew the land from sale and
forbid the completion of the contract of sale. In the
third, that Hamilton ratified the sale made and accepted
it as under the contract, and then compromised the mat-
ter with the purchaser, paying him a consideration to
be released, and then withdrew the land from sale and
revoked the authority of the plaintiff before the expira-

tion of the year, wherefore plaintiff is entitled to his commissions. In neither count is it averred that the authority of the broker was changed as to the conditions of the sale authorized.

The action was tried without a jury, and the findings were for defendant on every point.

The answer admits the contract of employment, and that a sale was arranged as averred, but denies that a purchaser was found willing to purchase according to the terms authorized, or that the sale negotiated was ratified, and it is denied that the land ever was completely withdrawn from sale. Some affirmative matters are also set up in defense. No evidence was offered by the defense, but the case was submitted upon the evidence of plaintiff.

It is contended that the tract of 10,840 acres is not described in the contract of employment. A contract to employ a broker need not describe the lands specifically, if the terms of the employment can be made definite without it. Where, as here, there is an attempt to limit the employment to certain property, it must appear that the property sold is within the description. So far as the statute of frauds is concerned, however, the terms of the employment are the essential part. If the circumstances surrounding the transaction should disclose that Hamilton then owned or claimed a tract of land containing just that number of acres, of which the nine sections specified composed a part, I think it would suffice for a contract of this character. No such circumstances are averred or proven here. If, however, the sale was ratified by Hamilton, and accepted as made under the employment, this would not matter.

I do not think the evidence shows ratification. It is not made to appear that when the letters were written to plaintiff, Hamilton was sufficiently aware of the terms of the sale to enable him to ratify it. The letters show that he knew of a sale, and since he was willing to ratify, one might infer that he must have known of the particular conditions of the sale. But this is not enough.

Before ratification can be inferred, such knowledge must be shown.

At the date of the telegram of November 2d he certainly knew, but then he was trying to rid himself of the claim that a purchase had been made. The dispatch was evidently sent under the impression that at that late date the purchaser could not comply with the terms of the sale, and may be taken as an offer, by way of a bluff, to let the purchaser go on with the contract rather than pay what he had promised as a compromise. The offer to buy off the purchaser cannot be construed into a ratification. It was an attempt to get rid of a claim which was a cloud upon his land. Although it may be evidence of some value, it is too equivocal to justify the finding upon it alone of a contract of sale.

September 14, 1887, while Hamilton was repudiating the sale and attempting to get rid of the claim, he wrote the following letter to plaintiff : —

"To W. C. Maze, Madera, Cal.

"You are hereby notified, according to the terms of my contract with you, dated the twenty-ninth day of October, 1886, not to sell sections 1, 2, 3, 10, 11, 12, 13, 14, and 15 in township 11 south, range 19 east, M. D. B. & M., as the same has been withdrawn this day from the market."                    J. H. Hamilton."

"Dated Fresno, Cal., Sept. 14, 1887."

In view of this letter, I am unable to see how the third finding, to the effect that "Hamilton did not, at any time previous to the expiration of the period mentioned in said agreement within which the plaintiff should have authority to sell, withdraw said premises from sale, or prevent the plaintiff from effecting a sale thereof," can be sustained.

It was not essential to make out plaintiff's case that he should have found a purchaser. By the terms of the employment, commissions became due "in the event of withdrawing the sale of said property during the time." The claim to compensation under this provision of the

contract is not, as respondent suggests, as damages for a breach of the contract in withdrawing the land from sale. This Hamilton had a right to do, and in such event, he became indebted to plaintiff for his commissions.

I think the judgment and order appealed from should be reversed, and a new trial had.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are reversed, and a new trial ordered.

SHARPSTEIN, J., McFARLAND, J., DE HAVEN, J.