[Sac. No. 966.   Department One.—July 24, 1902.]

WILLIAM CRAIG, and JAMES MARLOW, Appellants, v.
CHARLES ZELIAN, Respondent.

CONTRACT FOR SALE OF LAND—STATUTE OF FRAUDS—PAROL EVIDENCE—
INSUFFICIENT DESCRIPTION—MAP NOT REFERRED TO.—A contract for
the sale of land must be wholly in writing, and must so describe
the property, in terms or by reference, that it can be ascertained
without resort to parol evidence to supply any defect therein, as
distinguished from identification of the description with its location
upon the ground; and a contract for the sale of a strip of land
which does not describe its location, width, or length—the strip not
being inclosed, or in any mode designated upon the ground—is in-
sufficient, under the statute of frauds, and cannot be aided by a
map not referred to therein.

APPEAL from a judgment of the Superior Court of Tuol-
umne County.   G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

E. W. Holland, for Appellants.

J. P. O'Brien, for Respondent.

HARRISON, J.—Plaintiffs brought this action to recover
damages for the breach of an agreement for the conveyance
of real property.   At the close of the plaintiffs' case the court
ordered a nonsuit, and from the judgment entered thereon the
plaintiffs have appealed.

An agreement for the sale of real property must not only
be in writing and subscribed by the party to be charged, but
the writing must also contain such a description of the prop-
erty agreed to be sold, either in terms or by reference, that it
can be ascertained without resort to parol evidence.   Parol
evidence may be resorted to for the purpose of identifying
the description contained in the writing with its location upon
the ground, but not for the purpose of ascertaining and locat-
ing the land about which the parties negotiated and supplying
a description thereof which they have omitted from the writ-

ing.    The agreement upon which the present action is based
is in the following terms:—

"STENT, Nov. 20, 1898.

"Received of Wm. Craig and James Marlow the sum of
$20.00, twenty dollars, in part payment for a strip of land
in front of Golden Rule Store and Stent Market.    The pur-
·chase price of said lot to be $150.00, one hundred and fifty
dollars.                                CHARLES ZELIAN."

The land was not inclosed or in any mode designated upon
the ground.    How far it is located from the Golden Rule Store,
or the width of the "strip," or its length, is not given, and it
must be held that there is no description of the land intended
to be conveyed.    This defect in the description is not aided
by the fact that the parties consulted a map at the time of
their negotiations, since the map is not referred to in the
writing.    Whatever aid to the description of the land might
be given by the map, can be had only by parol evidence, and it
is only by such evidence that it is shown that a map was re-
ferred to.    Moreover, this map was not itself introduced in
evidence.    The statute of frauds was originally enacted "for
the prevention of frauds and perjuries," and an agreement
for the sale of land is required to be in writing in order that
this purpose may be accomplished.    The whole object of the
statute would be frustrated if any substantive portion of the
agreement could be established by parol evidence.    A descrip-
tion of the land intended to be conveyed is one of the most
essential parts of the agreement, and must be contained in the
writing.

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.