[Civ. No. 1013.   First Appellate District.—July 22, 1912.]

ISIDORE J. PROULX and P. O. EIBE, Copartners Doing Business Under the Firm Name and Style of EIBE & PROULX, Appellants, v. SACRAMENTO VALLEY LAND COMPANY, a Corporation, C. M. WOOSTER COMPANY, a Corporation, and C. M. WOOSTER, Respondents.

REAL ESTATE BROKER—COMMISSIONS—CONTRACT OF EMPLOYMENT— IDENTIFIABLE DESCRIPTION OF LAND ESSENTIAL—PAROL OR EXTRINSIC EVIDENCE.—A written contract authorizing or employing an agent or broker to sell real estate for a commission must not only be in writing and signed by the party to be charged, but must also contain a description of the land to be sold, sufficient in itself, or by reference to identify the same without the aid of parol evidence. While it is true, generally, that a contract to employ a broker to sell real estate will not be declared void, merely because of a defect, uncertainty or ambiguity in the description of the property to be sold, when the same can be cured by the allegation and proof of extrinsic facts and circumstances; yet parol proof cannot create a description not existing in the contract.

ID.—ACTION FOR BROKER'S COMMISSIONS—CONTRACT NOT DESCRIBING LAND—LETTERS REFERRING TO OTHER LAND—PROPER NONSUIT.—In an action for broker's commissions on the sale of land, for finding a purchaser therefor, under an alleged contract of employment, which contains no description of the land for which the purchaser was found, and it appears that certain letters received had reference to other lands than those for which the commission was claimed, and that the land in controversy was in no way identified, a motion for a nonsuit was properly granted.

ID.—VOID CONTRACT—RECOVERY ON QUANTUM MERUIT NOT ALLOWABLE. Where the contract is void for want of a properly identifiable description of the land for which the purchaser was found, there can be no recovery upon a count based upon a *quantum meruit* for the reasonable value of services rendered to the defendants in finding such purchaser.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

19 Cal. App.—34

Ben F. Geis, and Mastick & Partridge, for Appellants.

Frank H. Gould, Frank Freeman, and Charles L. Donohoe, for Respondents.

LENNON, P. J.—This is an action for the recovery of a realty broker's commission alleged to be due under a contract whereby the plaintiffs were employed to assist in the sale of certain real estate. The case, which was tried with a jury, resulted in a judgment of nonsuit, from which the appeal is taken.

Plaintiffs' complaint in substance. alleges that the defendants were the owners of or had options upon certain several and separate parcels of agricultural land situate in Glenn and Colusa counties, in the state of California, known as "Glenn Rancho Lands," "Packer Tract" and "Boggs Ranch Lands"; that the plaintiffs and defendants entered into a contract by the terms of which the plaintiffs, as copartners, were employed to assist in the sale of the designated lands for the agreed compensation of two and one-half per cent of all sums for which said lands or any part thereof might be sold with the assistance of the plaintiffs; that in accordance with such agreement the plaintiffs proceeded to and did assist the defendants in the sale of two thousand acres of the lands mentioned at the price of $62.57 per acre, or in all, the sum of $125,140; that there is due to the plaintiffs under the terms of the contract the sum of $3,128.50 as commissions which the defendants refuse to pay.

The defendant, the Sacramento Valley Land Company, by its separate answer admitted the ownership of the lands described in the plaintiffs' complaint, but denied that there was any employment of plaintiffs to sell said lands or that they had sold or assisted in the sale of the same.

The defendants C. M. Wooster Company and C. M. Wooster, answering for themselves, denied that they owned any of the lands described in the complaint, and while denying the execution of the precise contract pleaded, admitted that they had agreed with the plaintiffs to pay them two and one-half per cent on any lands that the plaintiffs would sell for the C. M. Wooster Company, as the agent of the Sacramento Valley Land Company, which formed a part of and were included

within the tract of land owned by the Sacramento Valley Land Company in Glenn county, known as "the Glenn Tract of the Sacramento Valley Land Co." The Wooster defendants denied, however, that the plaintiffs, in accordance with the admitted agreement or otherwise, sold or assisted in the sale of any lands in the "Glenn Rancho Tract" or any other of the lands belonging to the Sacramento Valley Land Company.

It was admitted upon the trial of the case that the defendant C. M. Wooster Company was the authorized agent of the Sacramento Valley Land Company for the sale of its lands, and as such agent was duly authorized to and did contract in writing with the plaintiffs for the sale of lands in the tract of land belonging to the Sacramento Valley Land Company known and designated as the "Glenn Rancho Lands." This tract of land, however, is located exclusively in Glenn county, and is a piece or parcel of land entirely separate and distinct from the tract of land known as the "Packer Tract," and no claim is made, in this action, that there is anything due to the plaintiffs from the defendants for or on account of any sale of land lying within the tract known as the "Glenn Rancho Lands."

There was some evidence offered and received at the trial in support of plaintiffs' case which tended to show that through the efforts of the plaintiffs one S. W. Funk, as the representative of the "Church of the Brethren commonly known as the Dunkers," was induced to and did enter into a contract with the Sacramento Valley Land Company for the purchase of two thousand acres, at the price of $62.57 per acre, of the lands known as the "Packer Tract"—one portion of which tract was located in Glenn county and the other in Colusa county. It was for the sale of these lands that commissions are claimed and sued for in this case by the plaintiffs.

The trial court granted the nonsuit upon the sole ground that the evidence adduced in support of the plaintiffs' case did not show the execution of a written contract, as required by section 1624 of the Civil Code, between the plaintiffs and the defendants for the sale of the two thousand acres in the "Packer Tract," which, it is claimed, the evidence shows was brought about by the efforts of the plaintiffs.

The plaintiffs, in order to show the making and executing of a contract with the defendant Wooster Company for the sale of lands in the "Packer Tract," introduced in evidence and relied largely, if not entirely, upon certain written correspondence which passed between plaintiffs and the Wooster Company, as agent of the Sacramento Valley Land Company.

Numerous letters, some of which were admitted in evidence and others rejected, were shown to have passed between the parties at different times, but the letter of January 18, 1905, from the Wooster Company to plaintiffs, was the only one wherein the subject of employment and compensation is mentioned. This letter, it appears, was written in response to a written request made upon the Wooster Company for the payment of commissions claimed to be due the plaintiffs for past services rendered in inducing sales and procuring purchasers of lands lying in the "Glenn Rancho" tract. No reference was made, directly or indirectly, in the letter to the "Packer Tract," but after a general discussion of an apparent misunderstanding between the plaintiffs and the Wooster Company as to the exact amount of commissions previously agreed to be paid to plaintiffs for past services in inducing sales in the "Glenn Rancho Tract," the writer stated, in substance, that in his opinion it was but fair and right that the plaintiffs, for such sales as they had already made, should be paid a commission of five per cent, and then proceeded to say that "a fair commission agreement *for the sale of lands which we will now take up vigorously,* same as we have the Boggs Ranch, is that sales made by you (the plaintiffs) to your own customers, that you get five per cent; and when you sell to customers that we send to you, or any agents whom we have to pay, that the commission be two and one-half per cent."

In reply to this letter the plaintiffs wrote as follows: "We have carefully considered your proposition of the 18th inst. about our commissions in future, and so that there will be no misunderstanding hereafter we have consented to accept your proposition of five per cent and two and one-half per cent commission. There is considerable inquiry now for lands here and your land will sell readily. We will do our best for you in every instance."

Notwithstanding that neither of these letters made any reference to the "Packer Tract," it is claimed that the corre-

spondence between the parties constituted a memorandum of plaintiffs' alleged contract with the Wooster Company for the sale of lands in the "Packer Tract" sufficient to satisfy the statute of frauds.

Plaintiffs concede, as of course they must, that a contract of employment for the sale of real estate, to be valid, must be expressed in writing, but they insist, as we understand them, that the only essential of such a contract, aside from its formal parts, which need necessarily be expressed in writing is the fact of employment generally for the purpose of selling real estate, and that no particular piece or parcel of land to be sold need be specifically designated or described if the subject matter of the contract can be ascertained by a resort to parol evidence.

From this it is, in effect, argued that the clause contained in the Wooster Company letter of January 18, 1905, fixing "a fair commission for the sale of lands which we will now take up vigorously," coupled with the plaintiffs' letter of acceptance, constituted a complete and enforceable contract for the employment of the plaintiffs in the sale of any and all lands belonging to the Sacramento Valley Land Company, including the "Packer Tract," and that, therefore, the plaintiffs should have been permitted to show by parol evidence that at the time of the making of the contract the parties thereto had in mind and contemplated the sale of lands in the "Packer Tract."

This contention is untenable. Contracts authorizing or employing an agent or broker to sell real estate for a commission must not only be in writing and subscribed by the party to be charged (Civ. Code, sec. 1624), but they must also contain a description of the property to be sold sufficient in itself, or by reference, to identify the same without the aid of parol evidence. (*Craig* v. *Zelian,* 137 Cal. 105, [69 Pac. 853].) While it is true, generally, that a contract to employ a broker to sell real estate will not be declared void merely because of a defect, uncertainty or ambiguity in the description of the property to be sold when such defect, uncertainty or ambiguity can be cured by the allegation and proof of extrinsic facts and circumstances (*Maze* v. *Gordon,* 96 Cal. 61, [30 Pac. 962]), nevertheless parol evidence cannot be resorted to for the purpose of creating a description which does not exist in the

contract itself. In short, a description of land sought to be sold under a broker's contract can be cured, but not created by parol evidence. (*Mendenhall* v. *Rose* (Cal.), 33 Pac. 884; *Marriner* v. *Dennison,* 78 Cal. 202, [20 Pac. 386]; *Craig* v. *Zelian,* 137 Cal. 105, [69 Pac. 853].)

An apt illustration and application of the rule in this behalf is to be found in *Marriner* v. *Dennison,* 78 Cal. 202, [20 Pac. 386], where it is said: "Parol evidence cannot be heard to furnish a description. The only purpose for which such evidence can be heard is to apply the description given to the subject matter. Thus, if the description were 'my' farm in Los Angeles county, an allegation in the complaint that I owned but one farm in said county, and where it was situated, would apply the description to the proper subject matter, and render it certain. But if the description were 'a' farm in Los Angeles county, it could not be rendered certain by the allegation of such extrinsic matter."

It will thus be seen that even if it be conceded that the two letters immediately under discussion may be considered and construed as a completed contract, in so far as the mere matter of the employment of the plaintiffs is concerned, nevertheless such contract was fatally defective in not describing, or at least in not attempting to describe, the particular lands which it is claimed the parties intended to be the subject matter of the contract. It is but grasping at a straw to say, as do the plaintiffs, that the single sentence in the Wooster Company letter which refers to "the sale of lands which we will now take up vigorously" should be isolated from its context, and that when so isolated and read in conjunction with the plaintiffs' letter, it must be construed as an accepted offer to employ the plaintiffs in making sales of any and all lands, including the "Packer Tract," then owned by the Sacramento Valley Land Company.

The letters in question must be read and construed as a whole, and when so read and construed, it is manifest that they had reference only to past and possible future sales of land in the "Glenn Rancho Tract," and therefore the contract, if any, arising therefrom must be limited in its scope and effect to such sales of land as were made from the "Glenn Rancho Tract."

In any event, it is certain that the letters here relied upon to constitute a completed contract of employment for the sale of lands in the "Packer Tract" do not contain a reference to that tract or attempt to designate and describe, as the subject matter of a contract, any other lands belonging to the Sacramento Valley Land Company. As a consequence, those letters cannot be held to constitute such a contract as will satisfy the statute of frauds.

It follows from what has been said that the trial court did not err in refusing plaintiffs permission to show by parol evidence that when the Wooster Company employed the phrase "a fair commission for the sale of lands which we will now take up vigorously," they had in mind and intended to describe and designate the "Packer Tract."

The trial court did not err in refusing to admit in evidence the several supplementary letters between the plaintiffs and the Wooster Company which were offered to support the claim that the letter of January 18, 1905, referred to and was intended to describe the "Packer Tract."

None of these letters, singly or all together, or when read in connection with the initial letters of the parties, indicated or tended to make a written contract of employment to sell the "Packer Tract" of land, and therefore they were rightly rejected.

The conclusion which we have reached as to the principal point in the case necessarily disposes of the discussion found in the briefs of the parties as to whether or not, assuming the existence of a valid contract, the plaintiffs earned the commission sued for. Incidentally, it may be stated that the second count of the plaintiffs' complaint is founded upon *quantum meruit*, but as there was no valid contract of employment in writing, it is clear that the plaintiff is not entitled to recover the reasonable value of his services, and this phase of the case need not be further discussed or considered. (*McCarthy* v. *Loupe*, 62 Cal. 299; *Myres* v. *Surryhne*, 67 Cal. 657, [8 Pac. 523]; *McGeary* v. *Satchwell*, 129 Cal. 389, [62 Pac. 58]; *McPhail* v. *Buell*, 87 Cal. 115, [25 Pac. 266].)

It seems clear to us upon the whole case that none of the evidence, admitted or rejected, which was offered in support of the plaintiffs' pleaded cause of action was sufficient to show a valid contract of employment for the sale of lands in the

"Packer Tract," and this being so, the motion for a nonsuit was properly granted.

The judgment appealed from is affirmed.

Kerrigan, J., and Hall, J., concurred.