[Civ. No. 2119. First Appellate District.—October 10, 1917.]

## A. H. ANDERSON, Appellant, v. H. WILSTRUP, Respondent.

REAL ESTATE BROKERS—AUTHORIZATION TO SELL COUNTRY LAND—STATUTE OF FRAUDS—SUFFICIENCY OF DESCRIPTION.—A writing authorizing and employing a broker to sell country lands sufficiently describes the property to satisfy the requirements of subdivision 6 of section 1624 of the Civil Code, where the state, county, street, and road are given, together with the acreage and a specific description of the character of the improvements thereon.

APPEAL from a judgment of the Superior Court of Marin County. Edgar T. Zook, Judge.

The facts are stated in the opinion of the court.

James M. Thomas, for Appellant.

Thos. P. Boyd, for Respondent.

KERRIGAN, J.—By this action plaintiff sought to recover the sum of $312.50 as a commission alleged to have become due from defendant upon a broker's written contract for the sale of land.

The only point involved in the case is whether or not the authorization of sale describes the property sufficiently to satisfy the statute of frauds (Civ. Code, sec. 1624, subd. 6). It was conceded at the trial that if such description be sufficient, plaintiff was entitled to a judgment.

The trial court found in favor of the defendant, and this appeal is from the judgment thereupon entered.

The portion of the contract pertinent to the question involved is as follows: "For and in consideration of the services to be performed by A. H. Anderson I hereby employ him as my sole and exclusive agent to sell for me that certain

real property situate in the County of Marin, State of California, and described as follows, to wit: 68½ acres on Olive Avenue or Black Point road, barn, chicken-house—26x40, Brooder house 14x30, windmill, well and spring, house of five rooms, running water, 14 acres marsh-land.''

We are of the opinion that this description contains all of the particulars necessary to identify the premises to be sold and substantially meets the requirements of the statute. The office of a description is not solely to identify the land but also to furnish a means of identification. Accordingly it has been held that a contract to employ a broker to sell real estate will not be declared void merely because of a defect, uncertainty, or ambiguity in the description of the property, but that such defect may be cured though not created by such evidence. (*Proulx* v. *Sacramento Valley Land Co.*, 19 Cal. App. 529, [126 Pac. 509].) It is only where the question remains a matter of conjecture what property is intended that instruments affecting land will be held void for uncertainty. While it is usual in the case of country lands to describe them with reference to townships, sections, courses, surveys, monuments, and also by reference to land of adjoining owners, these modes are not exclusive. It often happens that contracts of this character are entered into hastily and under such circumstances as to make it impractical to obtain this specific description for inclusion in the contract. To reject the description here involved would be to declare that only the usual method here indicated might be followed. Courts hold that contracts of this character must specifically or with sufficient certainty describe and identify the land. This, we think, has been done in the present instance. The state, county, street, and road are given, together with the acreage and a specific description of the character of the improvements contained thereon. If for convenience a more exact location was desired in order to identify the property, a mere inquiry as to whether the vendors owned the exact acreage as located, or a reference to the public county records, would have afforded the information. (*Hines* v. *Copeland*, 23 Cal. App. 36, [136 Pac. 728].)

For the reasons given the judgment is reversed and the trial court directed to render judgment in favor of appellant in accordance with the prayer of the complaint.

Lennon, P. J., and Richards, J., concurred.