[Civ. No. 2412. First Appellate District.—July 3, 1918.]

J. MACKNIGHT, Administrator, etc., Respondent, v. J. B. DAVITT, Appellant.

BROKER'S COMMISSIONS—CONTRACT OF EMPLOYMENT—DEFECT IN DESCRIPTION—PAROL TESTIMONY.—In an action to recover a commission claimed to have been earned for securing the acceptance of an offer to exchange real property, it is not error to permit the plaintiff to remedy by oral testimony a defective description in the broker's contract of employment.

CORPORATION LAW—ACCEPTANCE OF OFFER OF EXCHANGE OF REAL PROP-
ERTY—AUTHORITY.—A written acceptance by a corporation of an
offer to exchange real property is sufficiently shown to have been
made under the authority of the board of directors where the ac-
ceptance contained the signatures of the vice-president and secretary
and the corporate seal.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   John T. Nourse, Judge.

The facts are stated in the opinion of the court.

tum Suden & tum Suden, for Appellant.

Pringle & Robbins, for Respondent.

THE COURT.—In this action to recover a commission
claimed to have been earned for securing the acceptance of an
offer to exchange real property, the trial court gave judgment
for the plaintiff, from which judgment defendant appeals.

On the twenty-seventh day of February, 1917, plaintiff
and defendant entered into a written agreement in which
defendant represented himself as the owner of certain prop-
erty on Eddy Street, in San Francisco, and appointed plain-
tiff his agent to act in negotiating an exchange of that prop-
erty for certain other property on Oak Street, both properties
being described in the agreement, and defendant agreed to
pay plaintiff the sum of $375 as commission when he secured
an acceptance of the proposition to exchange the said prop-
erty.   The trial court found that plaintiff had secured an
acceptance in accordance with the terms of the contract and
that defendant had failed to perform his part of the agree-
ment, and accordingly gave judgment for the plaintiff.

It is contended that the trial court erred in permitting the
plaintiff to remedy by oral testimony a defective descrip-
tion of the property in the contract.   In a contract to em-
ploy a broker to sell or exchange real estate a defective de-
scription of land can be cured by parol evidence.   (*Proulx
v. Sacramento Valley etc. Co.*, 19 Cal. App. 529, 534, [126
Pac. 509].)   Much greater liberality is allowed in construing
and curing defective descriptions in broker's contracts than in
a deed of grant of land, for, so far as the statute of frauds is
concerned, the terms of the employment are the essential part,

37 Cal. App.—46

and such contracts will not be declared void merely because of a defect, uncertainty, or ambiguity in the description of the property to be sold or exchanged when such defect can be cured by the allegation or proof of extrinsic facts and circumstances. (*Maze* v. *Gordon,* 96. Cal. 61, [30 Pac. 962]; *Proulx* v. *Sacramento Valley etc. Co., supra.*) The circumstances disclosed here were that Davitt represented himself in the contract in question as the owner of a "Lot on the N. line of Eddy Street, feet west from Webster Street, thence running west 53 feet and 6 inches"; that Davitt's wife then owned a lot on Eddy Street corresponding to those dimensions; that both parties to the contract understood, and intended to designate, by the description, a lot on Eddy Street beginning one hundred feet west of Webster Street, and that the figures "100" were inadvertently omitted from the description. These facts suffice, we think, to warrant a resort to parol proof to cure the defect in the description contained in the contract. (See *Anderson* v. *Wilstrup,* 34 Cal. App. 771, [168 Pac. 1150].)

It is further contended that it was not shown that the acceptance of the Matilda Long Estate, a corporation, was made under the authority of its board of .directors, and that the trial court erred in refusing to make an order for the production of the corporation's books. The written acceptance contained the signatures of the vice-president and the secretary and the corporate seal. It is therefore to be presumed that the officers did not exceed their authority, the seal itself being *prima facie* evidence that it was affixed by proper authority. (*Southern California etc. Assn.* v. *Bustamente,* 52 Cal. 192; *McKee* v. *Cunningham,* 2 Cal. App. 684, [84 Pac. 260].) Moreover, the court ultimately admitted the written acceptance in evidence pending the production of authorities and subject to a further ruling. This in effect was a ruling subject to a motion to strike out. The record discloses that the objection to the written acceptance was not renewed and that no motion to strike out was made.

Judgment affirmed.

A petition for a rehearing of the cause was denied by the district court of appeal on August 2, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 29, 1918.