[Civ. No. 4454.  First Appellate District, Division One.—September 4, 1924.]

# L. O. COWING, Respondent, v. J. R. WOFFORD et al., Appellants.

[1] CONTRACTS—REAL ESTATE BROKERS—STATUTE OF FRAUDS—PURPOSE OF CODE PROVISIONS.—Section 1624 of the Civil Code, which provides that an agreement employing a broker to sell or purchase real estate for compensation shall be invalid unless the same or some note or memorandum thereof is in writing signed by the party to be charged, and section 1973 of the Code of Civil Procedure, which declares that evidence of such agreement cannot be received without the writing or secondary evidence of its contents, were designed to protect owners of real property against unfounded claims of brokers which could be prosecuted with facility prior to their enactment.

[2] ID.—CONTRACT EMPLOYING BROKER — MAIN ESSENTIAL — SPECIFIC PERFORMANCE.—Under the code provisions relating to contracts of real estate brokers the chief element is the employment; and it is not requisite that the memorandum should be an instrument by the terms of which the agent is empowered to so bind the principal as to support an action for specific performance.

[3] ID. — CONSTRUCTION — DESCRIPTION OF PROPERTY — STATUTE OF FRAUDS.—Much greater latitude is allowed in construing and curing defects of description in brokers' contracts than in a deed of grant of land, for, so far as the statute of frauds is concerned, the terms of employment are the essential part, and such contracts will not be declared void merely because of a defect, uncertainty, or ambiguity in the description of the property to be sold or exchanged when such defects, uncertainty, or ambiguity can be cured by allegation and proof of extrinsic facts or circumstances.

[4] ID.—BROKER'S CONTRACT—DESCRIPTION OF PROPERTY—CURING OF DEFECT BY EXTRINSIC EVIDENCE.—Just what degree of precision is required in describing in a broker's contract the property listed for sale depends more or less upon each particular case. If the defect in description is of such a character that it may be cured by the introduction of extrinsic evidence, such evidence is admissible for this purpose; and while a description may be thus aided, extrinsic evidence cannot be resorted to for the purpose of creating a description that nowhere exists in the contract itself.

---

1.  See 4 Cal. Jur. 556; 4 R. C. L. 250.

2.  See 4 Cal. Jur. 558.

[5] Id.—Sufficiency of Description.—A contract to employ a broker need not describe the lands specifically if the terms of employment can be made definite without it, and if the circumstances surrounding the transaction disclose that one owns property of similar dimensions to that insufficiently described, it is enough for a contract of this character.

[6]· Id.—Office of Description.—The office of a description is not solely to identify the land but also to furnish a means of identification.

[7] Broker's Commissions—Sale of Real Property—Broker's Contract—Sufficiency of Description — Statute of Frauds. — In this action to recover a commission alleged to be due upon a broker's contract for the sale of certain real property, the description contained in the authorization taken in connection with the other evidence, consisting of letters written by the owner to the broker and her testimony given on the trial, is sufficient to clearly and beyond all question identify the property to which it purported to relate.

[8] Id.—Description—Pleading.—In such action, defendants, by failing to deny the allegations of the complaint concerning the description, and by their further failure to deny that the property was the only property owned by them of the character shown by the complaint either in the city or the county of Fresno, aided the ambiguity complained of in the description.

[9] Id.—Trial on Merits—Error in Overruling Demurrer—Effect upon Judgment—Appeal.—Error in overruling a demurrer to a complaint for uncertainty is not a sufficient ground for reversal of the judgment where the case has been fully, fairly, and understandingly tried on the merits.

o

(1) 9 C. J., p. 558, sec. 60.  (2) 9 C. J., p. 560, sec. 60.  (3) 9 C. J., p. 560, sec. 60.  (4) 9 C. J., p. 560, sec. 60, p. 651, sec. 121. (5) 9 C. J., p. 560, sec. 60.  (6) 9 C. J., p. 560, sec. 60.  (7) 9 C. J., p. 560, sec. 60.  (8) 4 C. J., p. 935, sec. 2909.

APPEAL from a judgment of the Superior Court of Fresno County. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank Kauke and Edward F. Peters for Appellants.

Harris & Hayhurst and R. C. Gibson for Respondent.

5.  See 4 Cal. Jur. 555.
8.  See 21 Cal. Jur. 277; 21 R. C. L. 492.
9.  See 21 Cal. Jur. 277.

TYLER, P. J.—Action to recover the sum of $1,250 as a commission alleged to be due upon a broker's contract for the sale of certain real property. Plaintiff recovered judgment for the amount claimed, together with interest in the sum of $362.50 and costs, and defendants appeal.

The questions presented are whether or not the written authorization relied upon contains a sufficient description of the property to satisfy the statute of frauds, and, if insufficient, whether such insufficiency was cured by parol and extrinsic evidence had at the trial.

The complaint is in two counts. The allegations of the first of them necessary for a discussion of the case are to the effect that plaintiff is a duly licensed real estate broker with offices in the city of Fresno; that defendants are the owners and in possession of certain real property in said city improved with a structure known as the "Bernice Apartments," which structure contains ten three-room apartments, one extra bedroom and one room in the basement; that the dimensions of the lots upon which it is situated are 62½x112 feet; that the taxes on said premises for the year 1918–1919 were about $225; that said premises were at the date of the contract hereinafter referred to insured for the sum of $12,000, the insurance premiums being paid up for three years, and that the premises were at the time mortgaged for the sum of $5,000, which mortgage bore interest at the rate of eight per cent per annum. Further recitals are to the effect that on the fourteenth day of February, 1919, defendants entered into a written contract with the plaintiff by which the property above referred to was listed with plaintiff for the purpose of sale for the sum of $25,000, to be paid as follows: The sum of $7,000 in cash, $1,000 in the year 1920 and $2,000 each year thereafter until fully paid for. Of the deferred payments the sum of $5,000 was to bear interest at the rate of eight per cent per annum, and the balance of $13,000 at the rate of six per cent. The authorization is then pleaded *in haec verba* and is as follows:

"Authorization.

No. ........
"Fresno, Cal. ........Feb. 14, 1919, ........

"Cowing, L. O., brokers, in consideration of the services to be by them performed hereunder are hereby authorized

and appointed as the exclusive agents of the undersigned for the period of 30 days from the date hereof, and thereafter until withdrawn by the undersigned by 2 days' notice in writing, to sell or trade for the undersigned the following described property, situated in Fresno city ...... county, state of California, Apt. house, 32, lot 62½x112. First payment $7,000 & in 1920 payment $1,000—& $2,000 each after. Taxes about $225. Insurance $12,000. Paid up 3 years, and the interest on $13,000 is to be 6 per cent, $5,000 at rate of 8 per cent. Lots 13 to 16 ...... for the' sum of $25,000—northeasterly 62½ ...... Dollars, or any less sum hereafter agreed upon by the undersigned and said Cowing, L. O.

"The undersigned agrees to pay a commission of five per cent on the price accepted, and the said commission shall become due and payable if said property or any part thereof is exchanged or sold or assigned to anyone by the undersigned, whether through said Cowing, L. O. or anyone else, including myself. It is agreed that the commission becomes due and payable if a deposit, or notice of sale or bill of sale or deed or mortgage is made on said property. Upon the forfeiture of any deposit made upon the purchase or exchange price the amount of said commissions shall immediately become due and payable to said Cowing, L. O., and the balance remaining on such deposit if any shall belong to the undersigned. All moneys herein agreed upon are payable at Fresno, Cal. On or in case of Dep. made on this deal and not sold split 50 per cent with parties as owners to extent of my Com.

"(signed) FRED A. WOFFORD,

"J. R. WOFFORD,

"Address, Bernice Apts."

Then follow in the complaint certain recitals as to what the ambiguous and uncertain words and phrases mean, but these allegations are mere conclusions of the pleader, and it is unnecessary to here reproduce them. The complaint, proceeding, then alleges that defendants have at no time owned or had any interest in any other property either in the city or the county of Fresno or elsewhere of like character and dimensions and having thereon a similar structure. Due performance by plaintiff of each of the terms, covenants, and conditions of the contract required

of him to be performed is alleged, and it is also recited that during the life of the contract plaintiff procured a purchaser able, ready, and willing to purchase in conformity with the terms of the contract, but that each of the defendants neglected and refused to sell the premises in accordance with the terms thereof, and that in consequence there is due and owing to plaintiff the sum prayed for.

The second count contains similar allegations and is based upon the claim that the amount of the commission is due because of a sale made by defendants themselves subsequent to their alleged breach of the contract.

To this complaint defendants demurred upon the ground that the same was ambiguous, uncertain, and unintelligible in that it could not be ascertained therefrom where the property attempted to be described was situated. The demurrer was overruled, and defendants, answering, admitted the execution of a contract, but denied in substance that the so-called authorization was in conformity therewith. They also failed to deny the allegations of the complaint which specifically described the property, and they likewise failed to deny the allegation that defendants owned no other property of a like character either in the city or the county of Fresno.

At the trial defendant Freda V. Wofford was called as a witness for plaintiff under section 2055 of the Code of Civil Procedure, and she testified without objection that she had signed the authorization and that she was the owner of the Bernice Apartments, and that the property was situated on the corner of M and Stanislaus Streets in the city of Fresno. There was also introduced in evidence by plaintiffs two letters written by this defendant to plaintiff relating to the listing of the property for sale. These letters were dated respectively February 1, 1919, and February 2d of the same year. The first letter indicated a willingness to deduct $1,000 from the asking price in the event that a cash sale was consummated. Below the signature of this letter appears the phrase "of Bernice Apartments." The second letter described the property in detail and its income, and it was offered and admitted for the purpose of aiding the description contained in the authorization. It was dated a few days prior to the time the contract was entered into, and it contained state-

ments which made plain and certain any ambiguity that existed in the authorization. Other evidence showed that plaintiff had produced a purchaser able, ready, and willing to purchase upon the terms agreed upon.

At the conclusion of the trial judgment was entered in favor of the plaintiff in the amount heretofore stated, and defendants appeal.

In support thereof they claim that the authorization is void under the statute of frauds by reason of the ambiguity in the description of the property therein referred to. They further claim that the court erred in admitting the letters mentioned above in aid of such description, and they also claim that the court likewise erred in overruling the demurrer.

Defendants did not specially plead the statute of frauds either by demurrer or answer, but we will for the purposes of the case assume that such question is properly before us under the limited denial contained in the answer.

Failure to sufficiently describe property in a broker's contract to satisfy the statute of frauds has been the source of much litigation in the various courts. Our Civil Code (sec. 1624) provides that an agreement employing a broker to sell or purchase real estate for compensation shall be invalid unless the same or some note or memorandum thereof is in writing signed by the party to be charged, and section 1973 of the Code of Civil Procedure declares that evidence of such agreement cannot be received without the writing or secondary evidence of its contents. Those sections contain similar requirements with reference to brokers' contracts. [1] They were designed to protect owners of real property against unfounded claims of brokers which could be prosecuted with facility prior to their enactment.

[2] Under the code provisions the chief element is the employment. It is not requisite that the memorandum should be an instrument by the terms of which the agent is empowered to so bind the principal as to support an action for specific performance. [3] Much greater latitude is allowed in construing and curing defects of description in brokers' contracts than in a deed of grant of land, for, so far as the statute of frauds is concerned, the terms of employment are the essential part, and such contracts will

not be declared void merely because of a defect, uncertainty, or ambiguity in the description of the property to be sold or exchanged when such defects, uncertainty or ambiguity can be cured by allegation and proof of extrinsic facts or circumstances. (*Maze* v. *Gordon*, 96 Cal. 61 [30 Pac. 962]; *MacKnight* v. *Davitt*, 37 Cal. App. 720 [174 Pac. 77].)

Here no claim is made that the terms of the employment are ambiguous or uncertain, the objection being limited to the description of the property. [4] Just what degree of precision in this particular is required depends more or less upon each particular case. If the defect is of such a character that it may be cured by the introduction of extrinsic evidence, such evidence is admissible for this purpose. While a description may be thus aided, extrinsic evidence cannot of course be resorted to for the purpose of creating a description that nowhere exists in the contract itself (*Proulx* v. *Sacramento Land Co.*, 19 Cal. App. 529 [126 Pac. 509]; *Craig* v. *Zellian*, 137 Cal. 105 [69 Pac. 853]).

[5] In *Maze* v. *Gordon, supra,* the rule is laid down that a contract to employ a broker need not describe the lands specifically if the terms of employment can be made definite without it, and if the circumstances surrounding the transaction disclose that one owns property of similar dimensions to that insufficiently described, it is enough for a contract of this character. [6] The office of a description is not solely to identify the land but also to furnish a means of identification (*Anderson* v. *Winthrop*, 34 Cal. App. 771 [168 Pac. 1150]).

[7] Measured by these principles we are of the opinion that the description contained in the authorization we are now considering taken in connection with the other evidence upon the subject is sufficient to clearly and beyond all question identify the property to which it purported to relate. With reference to the letters received in evidence it may be said that while the words "of Bernice Apartments" contained in the first may be said to be merely *descriptio personae,* the second letter contains a definite description which, being identified with the property referred to in the authorization, removed the ambiguity apparent in that writing. These letters formed part of

the surrounding circumstances of the transaction and were properly received in evidence. Even if they were not considered the defendant owner herself furnished by her testimony the exact location of the property.

[8] Aside from these facts and as before stated defendants, by failing to deny the allegations of the complaint concerning the description, and their further failure to deny that the property was the only property of this character owned by them either in the city or the county of Fresno, aided the ambiguity complained of in the description (*Marriner* v. *Dennison,* 78 Cal. 202 [20 Pac. 386]).

The remaining contention is also without merit. [9] Error in overruling a demurrer to a complaint for uncertainty is not a sufficient ground for reversal of the judgment where the case has been fully, fairly and understandingly tried on the merits (*Ingalls* v. *Monte Cristo Oil & Dev. Co.,* 176 Cal. 128 [167 Pac. 857]).

The judgment is affirmed.

Knight, J., and St. Sure, J., concurred.