[Civ. No. 3707. Third Appellate District.—April 1, 1929.]

DAVID GLAZER, Appellant, v. PER HANSON et al., Respondents.

J. F. CONSIDINE, Appellant, v. PER HANSON et al., Respondent.

W. T. Belieu for Appellants.

R. M. Rankin and H. W. McGowan for Respondents.

PLUMMER, J.—The above-named actions, though based partly upon different contracts, begun separately and asking for judgment in different sums, were consolidated for the purposes of this appeal and have been presented upon one transcript and argued in one set of briefs. For convenience we will consider first, the questions presented in the Glazer case, which to some extent will answer the questions presented in the appeal by Considine, and we will then consider the questions which are peculiar to the Considine appeal. Both cases were prosecuted to recover commissions relating to the exchange of real property, and nonsuits were granted in both cases. The appeals are from the judgments granting nonsuits.

The record discloses that Per Hanson and Susan Hanson, his wife, were the owners of certain real property situate in the county of Glenn, and that on or about the first day of October, 1926, at Oakland, in the office of the plaintiff Glazer, the defendant Susan Hanson signed a writing for exchange of properties. The writing which we will call an agreement was never signed by her husband, Per Hanson. The name "Per Hanson" was attached to the writing by Susan Hanson. Susan Hanson, however, was never authorized in writing to affix the name of her husband. The defendant Per Hanson was not present at the time his wife affixed his name to the agreement. The instrument to which we have referred is in the words and figures following:

"This Agreement Witnesseth:

"That the undersigned Per Hanson and Susan Hanson (wife) owner of the Firstly hereinafter described property, in consideration of services to be rendered by David Glazer, hereinafter designated as agent, and for other valuable considerations, hereby agrees with the owner of the Secondly hereinafter described property, to exchange said firstly described property for said secondly described property upon the terms and conditions hereinafter set forth.

"Said Firstly described property owned by the undersigned, located in the County of Glenn, State of California, is the following: (Here follows description of real properties.)

"Terms: First property, 47 acres, more or less, subject to Federal Farm Loan of $6,400. at 5½ interest.

"Also

"First property, 40 acres more or less, to be free and clear.

————

"Second property, subject to $40,000.00 first loan, flat until February, 1927, then payable at $465 per month including interest for four years.

"The undersigned hereby authorize said agent to act as agent for them and said agent may also receive a commission from the owners of the hereinbefore secondly described property and the undersigned agrees to pay to said agent at their office, for services rendered $—— within ten days from the date when said agent secures from the owners of the secondly hereinbefore described property, a written agreement which completes or accepts this offer to exchange. If the undersigned refuses to complete this exchange after said acceptance is secured said undersigned then agrees to pay said agent within 15 days from date hereof as liquidated damages to be added to said commission the amount specified to be paid to said agent by the owner of the secondly hereinbefore described property, and a reasonable counsel fee if action is brought for the collection of said commission. Said agent may receive as additional compensation for their services to be added to the commission hereinabove specified, to be paid them by the undersigned any other or further profit obtained by them in said exchange; it being agreed and understood that the full consideration passing to the under-

signed for this exchange is that the title to said second piece of property to be delivered to the undersigned subject only to the encumbrances herein stated. . . .

"The undersigned hereby agrees to furnish, within fifteen days after notification by said agent that this agreement has been accepted, a Title Insurance Policy, and a deed conveying title to the property first above described, subject only to the encumbrances above named, and will allow fifteen days for the owner of said second piece of property to furnish a title insurance policy, and a deed to the property secondly above described.

"Time is of the essence of this agreement. Said agent is given until October 11, 1926, to secure said acceptance from the owners of said secondly described property and this agreement is irrevocable before that date.

"Dated, at Oakland, California, this 1st day of October, 1926.

"(Seal) Per Hanson, S. H.<br>
"(Seal) Susan Hanson."

This agreement was signed in duplicate by Susan Hanson. On the back of one of the copies of the agreement appears the following:

"I hereby accept this exchange with the proviso that there will be secured for me an additional loan of $8600.00 on the first herein mentioned properties. Loans to be flat for a period of not less than 2 years, interest not to exceed 8 per cent per annum. This agreement is void after October 11, 1926. V. D. Accepted 10–5, 1926.

"V. A. Dunn.<br>
"Evelyn Dunn."

It will be observed that while the agreement which we have set forth fails to specify the amount of commissions to be paid to the plaintiff, it does provide for the payment of liquidated damages in such sum as the owners of the secondly described property may agree to pay the plaintiff as commissions, and also reasonable counsel fees in the event the parties signing the agreement fail to complete the exchange. The record shows only the conditional acceptance to the agreement which we have herein set forth. On or about the third day of October, 1926, it appears that V. A. Dunn and Ray R. Stevenson, who appears in the case as a real estate agent or broker acting for and with the plaintiff

David Glazer, visited the defendants at their home-place near Orland in Glenn County. During this visit Mr. Stevenson endeavored to have the defendant Per Hanson sign the agreement to which his wife had affixed his name. The defendant refused, however, to do so, or to have anything to do with the agreement. After this visit, and on or about the seventh day of October, 1926, it appears that after some conversation between the plaintiff and V. A. Dunn, one of the signers to the conditional acceptance of the agreement of exchange which we have mentioned, wrote to the plaintiff the following letter:

"Victor A. Dunn,
"Attorney at Law,
"Central Bank Bldg.,
"Oakland, California.
"October 7, 1926.

"Mr. David Glazer,
"1460 Webster St.,
"Oakland, Calif.

"Dear Sir:

"Pursuant to our telephonic conversation of today beg to state that you can notify Mrs. Susan Hanson and her husband that I have accepted their offer of exchange as specified in Exchange Agreement dated October 1, 1926, without any qualification or change and that I am ready and able to make said exchange. The data on the back of the said Exchange of course does not enter into the exchange, you having personally agreed to make the loans mentioned herein.

"Your commission is to be $3,000.00 and no more as per our understanding.

"(Sig.) V. A. DUNN.

"VAD/A."

It does not appear that the defendants were made aware of the contents of this letter, although it does appear that either the plaintiff or Mr. Stevenson notified the defendants orally, that V. A. Dunn had accepted the agreement of exchange. This action is for the collection of the $3,000 mentioned in this letter addressed to the plaintiff by V. A. Dunn. On the sixth day of October, 1926, and prior to the writing of the foregoing letter to Glazer by Dunn, H. W. McGowan, an attorney at law acting as the attorney for both the Han-

sons, wrote a letter to the plaintiff David Glazer notifying him that the Hansons refused, and would refuse to have anything further to do with the exchange of the properties referred to in the agreement. The testimony of the plaintiff in relation to the letter promising him $3,000 for services by Dunn is well illustrated by the following excerpt: "So upon completing the conversation over the telephone I went over to his office and we sat into the matter for sometime and I satisfied him I could secure the money for him, and in view of that he wrote me that letter which we presented here as evidence, that he would pay that commission, and in that letter it states that if I secured the money for him he would give me $3,000.00 for my services and no more." The record shows no unconditional acceptance of the agreement for exchange of property by V. A. Dunn and Evelyn Dunn. While it is argued that the letter written by Dunn to Glazer is such an acceptance, it is evident from an inspection of what we have herein set forth that no action for specific performance would lie against V. A. Dunn and Evelyn Dunn. It is also evident that there is nothing in the record and nothing in the agreement signed by Susan Hanson, and to which she affixed the name of her husband Per Hanson, furnishing a consideration for charging defendants with whatever sum might be named as the commissions that the owner of the secondly described property might at some future time agree to pay the plaintiff. The record shows that the plaintiff, on the seventh day of October, 1926, received the letter written by the attorney of the Hansons, notifying him of their withdrawal from the offer of exchange. ■■■ It is argued that the instrument called an agreement of exchange was irrevocable on the part of the Hansons. This, of course, is not the law. If the agreement were otherwise valid as an offer of exchange, it was subject to revocation at any time before acceptance by the person to whom the offer was made. If the plaintiff, as agent, suffered damages by reason of such withdrawal or revocation of offer, it might present a question which is not pertinent here. The writing which we have set forth also purports to show that it is coupled with an interest. The language in the contract, however, to that effect, does not make it so. This is shown by a reference to 4 California Jurisprudence, 562: "There is an exception to the rule that a contract of

employment can be revoked at will where no time is specified for its continuance, which exists where the agency is coupled with an interest. In such a case the principal may not revoke the agreement without incurring liability to the broker therefor. A power coupled with an interest is where the grantee has an interest in the estate as well as in the exercise of the power." Here, the agent has no interest in the estate. His interest is only in the commissions he might earn by effecting an exchange.

■ There is another objection to the validity of the agreement so far as it affects the defendant Per Hanson, which precludes the possibility of any recovery against him by the plaintiff in this action. In the case of *Myres* v. *Surryhne*, 67 Cal. 657 [8 Pac. 523], the rule is laid down that subdivision 6 of section 1624 of the Civil Code is applicable to the employment of agents for the exchange of real property. It is there said (quoting from the syllabus) : "An agent employed to exchange real estate cannot recover any compensation or commission for his services in that behalf unless the services were performed under a contract in writing subscribed by the principal." Section 2309 of the Civil Code reads: "An oral authorization is sufficient for any purpose, except that an offer to enter into a contract required by law to be in writing can only be given by an instrument in writing." One of the witnesses for the plaintiff did testify that the defendant Per Hanson said that whatever his wife did was satisfactory to him. This does not constitute an authorization required by statute. The testimony of the witness referred to is denied by the defendant Per Hanson, but whether the defendant Per Hanson did or did not make such statement is wholly immaterial, as the statute requires the authorization to be in writing. Just as stated in *McRae* v. *Ross*, 170 Cal. 74 [148 Pac. 215] : "An authorization to an agent empowering him to make a contract on behalf of the principal to sell real estate, etc., must be in writing." Plaintiff in that case attempted to show that the different defendants had referred the transaction to a brother, who apparently was conducting the negotiations, but the court held that section 2309 of the Civil Code is applicable, and the attempt to show oral authorization, insufficient. ■ There is another reason why the plaintiff cannot recover in this action against either of the defendants.

It purports to be an action founded upon an agreement to pay liquidated damages, and if it be assumed that the writings to which we have referred constitute an agreement to pay liquidated damages, the plaintiff's action, nevertheless, must fail, and the nonsuit was properly granted. Section 1670 of the Civil Code reads: ''Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section.'' The next section, 1671, reads: ''The parties to a contract may agree upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when from the nature of the case it would be impracticable or extremely difficult to fix the actual damage.'' There is nothing in the complaint, and not one word in the testimony to the effect that it would be impracticable or difficult to ascertain and fix the plaintiff's damage in this case. Broker's commissions are usually based and figured at a certain percentage of the valuation of the property involved. That is the extent of the damage, and there is no showing that such damages are not easily ascertained and fixed, if any such there be. However, by reason of the fact that the pleadings are silent, and the testimony is silent, the judgment of nonsuit followed a motion therefor as a matter of course. We need only to refer to one case, to wit, *Sun-Maid Raisin Growers of California* v. *Paul A. Mosesian & Son*, 90 Cal. App. 1 [265 Pac. 828], where this court had occasion to examine, and also to refer to a large number of cases relating to actions wherein it was sought to recover liquidated damages. This court there said: ''The law is well settled in this state that the allowance of liquidated damages, or the enforcement of a clause in a contract providing for liquidated damages, is a matter of pleading and proof. There must be proof for the surrounding and attendant circumstances connected with the execution of the contract, from which the court may make its findings of the impracticability of fixing damages otherwise.'' That case and the authorities there cited are conclusive as against the plaintiff's right to recover in this action. The case was affirmed in the case of *Sun-Maid Raisin Growers of California* v. *Arakelian, Inc.*, 90 Cal. App. 10 [265 Pac. 832]. In both cases a hearing was denied in

the supreme court. This disposes of the case of the appellant Glazer.

In the case of the appellant Considine, the complaint, so far as material here, alleges as follows: "That heretofore on October 1, 1926, defendant became indebted to this plaintiff in the sum of $2,000.00 for services which he had rendered to them in the exchange of their property at Orland, in Glenn County, California, for property in the City of Oakland, County of Alameda, State of California, which said sum. of $2,000.00 was payable in the following manner, to-wit: The sum of $500.00 cash, on or before October 11, 1926, and the balance amounting to $1500.00, to be evidenced by a bankable note payable at the rate of $50.00 per month until paid." To this complaint the defendants interposed a demurrer, setting forth, among other things, that the complaint did not state a cause of action. The demurrer was overruled, and upon the trial the plaintiff introduced in support of his contention the following agreement:

"This agreement, entered into this 1st day of October, 1926, between Per Hanson and his wife, Susan Hanson, and J. F. Considine, agent.

"Per Hanson and Susan Hanson hereby agreed to pay J. F. Considine the sum of $2,000.00 for services rendered in the exchange of their ranch property for property in the City of Oakland, said property located at the S. E. corner of 16th Street and 8th Avenue;

"Said $2,000.00 to be paid as follows: $500 cash upon the acceptance of the agreement between the owner of the Oakland property, and the balance amounting to $1,500.00 in the form of a bankable note, payable $50.00 per month until paid.

"The option, however, is given to Per Hanson and wife to pay all cash on the completion of this transaction; and in that event J. F. Considine will accept the total sum of $1,500.00.

"Time is the essence of this agreement, and all parties hereto agree to execute said evidence of the fulfillment of this agreement immediately upon the completion of the exchange agreement, which this agreement is a part of, covering the property hereinbefore mentioned.

"PER HANSON, S. H.
"SUSAN HANSON.
"J. F. CONSIDINE."

 This agreement was signed by Susan Hanson only, who affixed the name of her husband, Per Hanson, without any authority, as we have shown in considering the case of the appellant Glazer. In addition to what has been said in the Glazer case, we need only to state the following: In a contract authorizing or employing an agent or broker to sell real estate for a commission, there must not only be an instrument in writing signed by the parties to be charged, but the instrument must contain a description of the land sufficient in itself, or by reference, to identify the same without the aid of parol evidence. Or, as said in one of the cases: ''In short, a description of land sought to be sold under a broker's contract can be cured but not created by parol evidence.'' This statement of the law is supported, among others, by the following authorities: *Proulx* v. *Sacramento Valley Land Co.*, 19 Cal. App. 529 [126 Pac. 509]; *Craig* v. *Zelian*, 137 Cal. 105 [69 Pac. 853]; *Cowing* v. *Wofford*, 68 Cal. App. 538 [229 Pac. 883]; *Dillingham* v. *Dahlgren*, 52 Cal. App. 322 [198 Pac. 832.] Other cases might be cited, but these are sufficient. It necessarily follows from what has been said that the court erred in overruling the defendant's demurrer to the plaintiff's complaint, and that the plaintiff's complaint does not state facts sufficient to constitute a cause of action. The land in Glenn County is not referred to by any description, and there is nothing in the complaint showing what property the pleader had in view when mentioning the city of Oakland. Likewise, the court erred in overruling the defendant's objection to the introduction of the agreement. First, as to the defendant Per Hanson, there is no showing that he had authorized anyone to sign his name, as required by the codes; secondly, the agreement is invalid and ineffective as against either of the defendants for the reasons set forth in the cases to which we have referred. The first paragraph of the agreement of employment, as we have said, reads: ''Per Hanson and Susan Hanson hereby agreed to pay J. F. Considine the sum of $2,000.00 for services rendered in the exchange of their ranch property for property in the City of Oakland, said property located at the southeast corner of 16th Street and 8th Avenue.'' We only need to ask, where is the ranch property? What property is located at the southeast corner of Sixteenth Street and Eighth Avenue? As the

appellant Considine, in addition to what we have said in the Glazer case, failed also, for the reasons which we have stated in considering his own case, to make out a cause of action, the judgment of nonsuit as to him was also properly granted.

The judgments in both cases must be affirmed, and it is so ordered.

Thompson (R. L.), J., and Finch, P. J., concurred.