[Civ. No. 3443. Third Appellate District.—March 8, 1928.]

SUN–MAID RAISIN GROWERS OF CALIFORNIA. (a Corporation), Respondent, v. K. ARAKELIAN, INC. (a Corporation), Appellant.

Carl E. Lindsay and Lindsay & Gearhart for Appellant.

Harry M. Creech, Harris, Johnson, Willey & Griffith and M. E. Griffith for Respondent.

THE COURT.—The plaintiff was given judgment against the defendant for $12,387.06 as liquidated damages for failure to deliver 206.451 tons of raisins produced in the year 1923. The defendant has appealed from the judgment.

The contract upon which the action is based contains substantially the same terms as the one involved in the case of *Sun-Maid Raisin Growers of California* v. *Paul A. Mosesian & Son, Inc., ante,* p. 1 [265 Pac. 828]. The last sentence in the contract reads as follows: "The execution of this contract by seller is also an application by the seller for membership to buyer whenever buyer may be authorized to receive the same." The contract was entered into between the Sun-Maid Raisin Growers, a capital stock corporation, and the defendant. That corporation assigned the contract to the plaintiff, a nonprofit co-operative corporation, together with about 15,000 similar contracts, by a blanket assignment. The instrument by which the assignment was effected contained covenants to be performed by the plain-

tiff and was signed by both the plaintiff and its assignor. It contained the following provision: "But the second party shall not be deemed by reason of this instrument or anything contained herein, or on any other ground, or for any other reason, to have accepted any of said applications for membership." In the oral argument counsel for appellant said: "Arakelian was never a member of this corporation, this co-operative association, so-called; absolutely no proof to the effect he ever was a member of it at all . . . To uphold the decision . . . to the effect that plaintiff was entitled to stipulated damages is to say flatly that when a contract entered into between a capital stock company and a producer . . . provides for stipulated damages that is enough." In reply to this contention, counsel for respondent said: "We submit that Arakelian was a member of this association. He was accepted. He applied for membership by reason of the provisions of the contract itself." ■ A careful search of the record fails to disclose any proof that the plaintiff ever accepted the defendant as a member or that the defendant ever became a member of either the plaintiff or its assignor. The complaint does not allege and the court did not find that the defendant was ever a member of either corporation. The case must be decided, therefore, on principles applicable to the breach of a contract executed by parties between whom no relation exists except that of buyer and seller. ■ The measure of damages for a breach of such a contract by the seller is prescribed by section 3308 of the Civil Code. Ordinarily it is neither impracticable nor difficult to fix the actual damages in such a case. In this case there is no proof tending to show actual damage nor the impracticability of fixing the actual damages, except the nature and terms of the contract and the fact that the plaintiff entered into many similar contracts with other growers. Other considerations enter into the problem when a member of a nonprofit co-operative corporation breaks his contract to deliver his products to the corporation. These considerations are fully discussed in the Mosesian case and it is unnecessary to repeat what is there said. On the authority of that case it must be held that the plaintiff herein did not show that it would be impracticable or difficult to fix the actual damages, if any, which it suffered from the alleged

breach of the contract by the defendant, and it follows that the judgment for liquidated damages cannot be affirmed.

The other grounds urged for a reversal relate to the alleged insufficiency of the evidence to justify the findings of the court on certain other issues. Since the evidence bearing upon those issues may be materially different upon a retrial of the case it would serve no useful purpose to discuss the evidence further.

The judgment is reversed.

A petition for a rehearing of this cause was denied by the district court of appeal on April 7, 1928, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 7, 1928.

All the Justices concurred.