[L. A. No. 2993. Department One.—November 18, 1912.]

## K. LUNDEEN, Respondent, v. GEORGE M. OTTIS, Appellant.

EXCHANGE OF LANDS—COMMISSION TO BROKER—ACCEPTANCE OF OFFER
TO EXCHANGE—IMPEACHMENT OF CONTRACT.—A written contract obligating the promisor to pay a commission to a broker, upon the latter's securing an acceptance of an offer made by the promisor to a third party for the exchange of land, is valid, and can be impeached or set aside by the promisor only by showing that its execution was obtained by duress, menace, fraud, undue influence, or mistake, or that it was without consideration.

ID.—CONSIDERATION—COMMISSION WHEN EARNED.—Such contract is founded upon a sufficient consideration, and entitles the broker to the commission upon obtaining an agreement from such third person that would bind him to make the exchange. After such an agreement had been obtained, the broker's right to the commission cannot be defeated by the abandonment by his principal of his own right to enforce performance of the agreement for exchange.

Iᴅ.—Rᴇғᴏʀᴍᴀᴛɪᴏɴ ᴏғ Cᴏɴᴛʀᴀᴄᴛ—Iɴsᴜғғɪᴄɪᴇɴᴛ Aʟʟᴇɢᴀᴛɪᴏɴs ᴏғ Fʀᴀᴜᴅ
. ᴀɴᴅ Mɪsᴛᴀᴋᴇ.—In an action by the broker to recover the stipulated
commission, an answer which seeks a reformation of the contract, so
as to make the commission payable only upon the consummation of
the exchange, but which merely alleges that prior to the execution
of the contract the, defendant had agreed to pay a commission if
the exchange were consummated, and that the plaintiff, at the time
of its execution, had stated that he would expect to be paid a
commission only in that event, is insufficient to show either fraud
or mistake in the execution of the contract, and does not warrant
its reformation on either of such grounds.

Iᴅ.—Rᴇғᴜsᴀʟ ᴏғ Aᴍᴇɴᴅᴍᴇɴᴛ ᴛᴏ Aɴsᴡᴇʀ—Tʀᴜᴛʜғᴜʟ Rᴇᴘʀᴇsᴇɴᴛᴀᴛɪᴏɴs
ʙʏ Aɢᴇɴᴛ.—The refusal of the court to allow such answer to be
amended, by alleging that at the time of the execution of the
contract the parties stood in confidential relations to each other,
and that the plaintiff had represented the contract to be an agree-
ment for an exchange of property, was not erroneous, if the contract
as executed was in legal effect such an agreement. Such representa-
tion being true, and nothing being alleged to show that it was
misleading, did not constitute fraud, even if the parties did stand
in confidential relations.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.
J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Avery & French, for Appellant.

E. B. Drake, for Respondent.

SHAW, J.—The defendant appeals from the judgment and
from an order denying a new trial.

The action is upon a written contract whereby Ottis agreed
to pay Lundeen $2,933, as commission for his services in pro-
curing one W. H. Graham to accept a written offer to Ottis
to exchange certain parcels of land belonging to Ottis for
certain other parcels belonging to Graham. The offer of
Ottis described the respective lands, stated the terms of the
proposed exchange, authorized Lundeen to negotiate the ex-
change as agent of Ottis, and concluded with the following
provision: "And it is further agreed with said Lundeen that
when he has secured an acceptance of the within proposition

I will then pay the sum of two thousand nine hundred and thirty-three and no 100 dollars as commission for said services.'' It was signed by both Ottis and Lundeen. On the following day Lundeen induced Graham to accept the offer and to sign a written statement, indorsed on said offer, accepting the proposal and agreeing to furnish an abstract of title within thirty days and thereupon to make and deliver a deed conveying to Ottis the title to his property.

The answer admitted the execution of the contract with Lundeen, contained in the written offer, and the acceptance of the offer by Graham. It further alleged that the offer was prepared by Lundeen, partly in print and partly in typewriting, that the ''major portion'' of the agreement to pay the commission was in print, that prior to signing the same Ottis had agreed to pay Lundeen a commission if the exchange were consummated; that at the time of signing the said document Lundeen handed to Ottis the written offer so prepared and stated to Ottis that he, Lundeen, would expect him, Ottis, to pay a commission only in the event that the exchange was consummated, and that, relying on this statement, Ottis signed the written offer containing said agreement for commissions. It was also alleged that Ottis, in pursuance of the accepted offer, put deeds conveying his property to Graham in escrow, to be delivered on performance by Graham of his part in the exchange, that Ottis was at all times ready and able to carry out his proposal, but that Graham neglected to perform and that, after waiting five months, Ottis demanded performance, which Graham refused, whereupon Ottis withdrew his deeds from escrow and the exchange was never made. The prayer of the answer was that the agreement with Lundeen for commissions be reformed by striking out the words ''when he has secured an acceptance of the within proposition'' and inserting instead thereof the words, ''upon the consummation of said exchange,'' and that plaintiff take nothing by his action.

These facts constitute no defense to the action. The clause quoted from the writing constituted a valid contract binding Ottis to pay Lundeen the commissions sued for upon the acceptance of the offer by Graham. Its execution by Lundeen and Ottis is admitted. It could be impeached or set aside only by showing that its execution was obtained by duress,

menace, fraud, undue influence, or mistake (Civ. Code, sec. 1567), or that it was without consideration. The allegations do not suggest menace, duress, or undue influence. They are not sufficient to show fraud or mistake. It is not alleged that Ottis did not read the contract before he signed it, or that he was then ignorant of its contents. There is an allegation that when Lundeen handed Ottis the written offer, before signing, he, Ottis, "thought it was an agreement for an exchange of properties." The contract when signed by Graham, as was contemplated, would be, in fact, an agreement for such exchange. This statement, therefore, shows no misunderstanding, as to the agreement. Hence, there was no mistake. It is not stated that any artifice was practiced to induce him to refrain from reading it or that he was unable to read, or that the contents of this clause were in any way misrepresented. The statement by Lundeen that he would expect the commission only in the event that the exchange was completed, was not a representation that the agreement so provided, nor a representation of any kind in regard to the contents of the instrument. It was, at most, a voluntary promise by Lundeen that he would, to that extent, disregard or waive the agreement. Being without consideration, it was not binding, and being a part of the contemporary oral negotiations, it cannot be allowed to vary the terms of the writing. (Civ. Code, sec. 1625, Code Civ. Proc., sec. 1856.) It is not alleged that it was made without any intent to perform it, and, therefore, it is no basis for a charge of fraud. There are no facts alleged sufficient to constitute such charge. What has been said sufficiently disposes of the claim that the contract should be reformed in the particulars prayed for.

There was no want of consideration. According to the terms of the offer, all that Lundeen was to do to earn the commission was to act as the agent of Ottis in "negotiating an exchange" of the properties. The answer states on this point that Ottis desired to obtain an agreement that would bind Graham to make the exchange. It does not appear that he desired anything more or that further action was necessary. Lundeen accomplished this task. The offer and the acceptance of Graham constitute a valid contract between Ottis and Graham binding on both. No further negotiations remained to be made. The only thing remaining undone was

performance, which Ottis could have enforced by suit against Graham. Lundeen did not undertake to compel such performance. He was entitled to the commission, even according to defendant's own statement, when he procured Graham to execute the acceptance. Ottis could not defeat Lundeen's right to commission by abandoning, as it seems he has, his own right to enforce performance by Graham.

On the trial, when Ottis offered to introduce evidence in support of his answer, the court ruled that the facts alleged constituted no defense to the action, excluded all the evidence offered and directed the jury to render a verdict for the plaintiff, which was accordingly done. For the reasons above stated we conclude that there was no error in this.

Defendant at that time asked leave to amend his answer by adding thereto an allegation that at the time he signed the written proposal, Lundeen, who had prepared it, represented it to be an agreement for an exchange of property and the further allegation that Lundeen was then "the trusted agent of defendant and stood in relation of special trust and confidence to defendant and was relied upon by defendant as such confidential agent." Leave to do so was refused. The amendment would not have made the answer good. The executed offer did constitute an agreement for exchange. The representation as alleged was therefore not false, but true, and nothing is alleged to show that it was misleading. It is not alleged that Lundeen stated that the offer contained nothing else except an agreement to exchange properties or represented that it did not contain the agreement to pay commissions. Consequently, whether at the time the alleged statement was made Lundeen was a trusted agent or was acting at arms' length, the representation was true and did not constitute fraud.

The judgment and order are affirmed.

Angellotti, J., and Sloss, J., concurred.