[Civ. No. 2861. First Appellate District, Division One.—October 24, 1919.]

## F. L. STEWART, Appellant, v. HENRY P. BOWIE, Respondent.

[1] BROKERS' COMMISSIONS—NEGOTIATION OF SALE—WHEN COMMISSIONS EARNED—FAILURE OF PURCHASER TO PERFORM.—Unless there is a provision in the contract to the contrary, a real estate broker, employed to negotiate a sale of land, earns his commission and it is payable when he produces, within the time allowed, a purchaser who is ready, willing, and able to take the property on

---

1. When commissions are earned, note, 139 **Am. St. Rep.** 225.

Right of real estate broker to commission where purchaser fails to comply with binding contract of sale, note, 11 Ann. Cas. 786.

the terms prescribed, or with whom the owner enters into a contract upon those or other terms satisfactory to him; and the broker cannot be deprived of the agreed compensation because deferred payments are not made by the purchaser, or other terms of the contract not carried out.

[2] ID.—ABSENCE OF CONTRACT OF EMPLOYMENT—COMMISSIONS CONTINGENT UPON PERFORMANCE BY PURCHASER.—Where there has been no previous contract of employment with the broker, and the owner's promise to pay him a commission is found only in a contract entered into between the owner and a prospective purchaser of the property, if the latter should fail to carry out his undertaking to purchase, the owner is released from his promise to pay the broker's commission. In such cases the broker, not having the protection of the ordinary broker's contract for compensation for services to be performed, must stand or fall by the contract actually entered into; and if he has seen fit to allow the payment of his compensation to be dependent upon the performance of a contract made between other parties than himself, he cannot complain if through the nonperformance of that contract his own contingent rights be lost.

[3] ID.—APPROVAL OF SALE AND PROMISE TO PAY BROKER—CONSTRUCTION OF CONTRACT.—Where there was a valid employment of the broker with an agreement for his compensation, the production by the broker of a prospective purchaser within the time limit of his employment, although at a lower price than specified, and an acceptance by the owner of such prospective purchaser on modified terms by a valid contract in writing which, though somewhat ambiguous as to form, contained, first, a statement or report signed by the broker that it had sold the property on certain terms, detailing them, followed by a statement signed by the prospective purchaser that he agreed to buy the property upon the terms specified in said statement, adding that the sale was to be consummated in the office of the broker, and this being followed by an approval of sale and promise to pay the broker a stated sum on demand for its services, the owner, the prospective purchaser, and the broker were all parties to such contract, and the fact that the sale was not finally consummated by a transfer of the property did not affect the broker's rights.

APPEAL from a judgment of the Superior Court of San Mateo County. Geo. H. Buck, Judge. Reversed.

The facts are stated in the opinion of the court.

Randolph V. Whiting for Appellant.

Arthur H. Redington for Respondent.

KERRIGAN, J.—This is an action to recover a commission on the sale of real estate. Judgment went for the defendant and plaintiff appeals.

Briefly, the facts of the case are these: On November 26, 1916, the defendant in writing appointed plaintiff's assignor, Lyon & Hoag, a corporation, his exclusive agent for the period of twenty days to sell his home, situate in San Mateo County, for eighty thousand dollars, said agent to receive a commission of five per cent in the event that it effected a sale under said authorization. On the following day the agent secured from one Ralston Wilbur an offer in writing to purchase said property for the sum of sixty thousand dollars, payable six thousand dollars cash in hand, and the balance in sixty days, or upon completion of the examination of title, the sale to be consummated in the office of the agent. This written offer was accepted by defendant by indorsing thereon the words: "I hereby approve the sale of the within described property, and agree to pay Lyon & Hoag on demand the sum of $1,500 for their services." The defendant performed his part of the agreement, and also extended the purchaser's time a period of sixty days in which to make payment of said balance; the title to the property was good; a deed conveying it. was duly prepared and was ready for tender and delivery to the vendee at the time and place appointed for the consummation of the transaction, but the vendee failed to perform his part of the agreement, and paid nothing further than the amount accompanying his offer to purchase.

[1] Unless there is a provision in the contract to the contrary, a real estate broker, employed to negotiate a sale of land, earns his commission and it is payable when he produces, within the time allowed, a purchaser who is ready, willing, and able to take the property on the terms prescribed, or with whom the owner enters into a contract upon those or other terms satisfactory to him, and the broker cannot be deprived of the agreed compensation because deferred payments are not made by the purchaser, or other terms of the contract not carried out. (*Gunn* v. *Bank of California*, 99 Cal. 352, [33 Pac. 1105]; *Jauman* v. *McCusick*, 166 Cal. 522, [137 Pac. 254].) That such is the general rule in this state is not disputed by the respondent, but he urges that the appellant's assignor has

43 Cal. App.— 18

not brought himself within it for the reason that the
promise of the defendant to pay the amount sued for,
namely, one thousand five hundred dollars, was not made
to the broker but to the proposed purchaser; and as the
purchaser did not in fact complete his contract by taking
and paying for the property, the defendant's promise to
pay the commission cannot be enforced.     [2] In making
this contention the respondent relies upon a line of cases
in which this court has held that where there has been
no previous contract of employment with the broker, and
the owner's promise to pay him a commission is found only
in a contract entered into between the owner and a pro-
spective purchaser of the property, if the latter should
fail to carry out his undertaking to purchase, the owner
is released from his promise to pay the broker's commission.
(*Jennings* v. *Jordan*, 31 Cal. App. 335, [160 Pac. 576];
*Brion* v. *Cahill*, 34 Cal. App. 258, [165 Pac. 704].)     In
such cases the broker, not having the protection of the ordi-
nary broker's contract for compensation for services to be
performed, must stand or fall by the contract actually en-
tered into; and if he has seen fit to allow the payment of
his compensation to be dependent upon the performance of
a contract made between other parties than himself, he can-
not complain if through the nonperformance of that con-
tract his own contingent rights be lost.     [3] The facts
of the present case, however, bring it within the general
rule above announced as to the right of a broker to his
commission.     There was a valid employment of the broker
with an agreement for his compensation; the production by
the broker of a prospective purchaser within the time limit
of his employment, although at a lower price than specified,
and an acceptance by the owner of such prospective pur-
chaser on modified terms by a valid contract in writing.
This contract as to its form is somewhat ambiguous.     It
contains, first, a statement or report signed by the broker
that it has sold the defendant's property on certain terms,
detailing them, to Ralston Wilbur; this is followed by a
statement signed by Wilbur that he agrees to buy the
property upon the terms specified in said statement or
report, adding, however, that the sale is to be consummated
in the office of the broker; underneath this appears the
following, signed by the defendant: "I hereby approve

sale of the within described property, and agree to pay Lyon & Hoag on demand the sum of $1,500 for their services.'' We think it very questionable whether this writing can be construed as an agreement exclusively between the defendant and Wilbur. The major part of it is contained over the signature of the broker; and if the promise of the defendant therein contained: ''I . . . agree to pay Lyon & Hoag on demand the sum of $1,500 for their services,'' is to be construed merely as a promise made to Wilbur, and not as being also addressed to the broker, it leaves the defendant in this dilemma: That his original agreement with the broker is unmodified, and instead of being liable to pay him one thousand five hundred dollars, his liability is measured by his original authorization, under which it would amount to the sum of three thousand dollars, being five per cent on sixty thousand dollars. We think that the reasonable construction of the writing in question is that the owner, the prospective purchaser, and the broker were all parties to it, their respective obligations and rights being easily discoverable therefrom. The defendant's promise to pay the broker one thousand five hundred dollars was addressed to Lyon & Hoag, and his approval of the sale constituted an acceptance of the offer made by Wilbur. Thus construed, the defendant acknowledges his liability to pay the broker the sum of one thousand five hundred dollars; and the fact that the sale was not finally consummated by a transfer of the defendant's property cannot be held to affect the broker's rights.

It follows from what we have said that the court was in error in denying the plaintiff's motion for a new trial and in rendering judgment in favor of the defendant.

The judgment is therefore reversed.

Richards, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 22, 1919.

All the Justices concurred, except Melvin, J., who was absent.