[Civ. No. 4993. Second Appellate District, Division Two.—March 30, 1928.]

MARY E. WHITE, Respondent, v. VICTOR E. RESKIN, Appellant.

E. O. Leake for Appellant.

Porter & Sutton for Respondent.

VALENTINE, J., *pro tem.*—This was an action for broker's commission on sale of real estate. The case was tried upon a stipulated statement of facts, and no other evidence was introduced. Judgment was rendered for plaintiff, from which judgment the defendant appeals. Further facts are stated in the opinion.

Appellant first contends that Evans, the agent (plaintiff's assignor), did not produce a purchaser ready and willing to purchase the property described in the agency contract, nor upon the terms therein set forth, because no location is given for the property nor is the city and county mentioned in the agency contract. The agency contract describes the property as being "situate in the county of L. A., State of Calif., to wit—North half of lots 60, 70, 71, 72, 73 La Tresa Riverside B'lvd."

Assuming that a deficiency or variance from the description and terms in the escrow may have existed in the agency contract as claimed by appellant, nevertheless the agreed statement of facts upon which the case was tried and decided contains this stipulation: "That both defendant and plaintiff's assignor intended, in said agent's contract to describe the same property described on page 1 of this stipulation," which description is as follows: "Lots 70, 71, 72, 73 and the north half of lot 60 of La Tresa tract as per map recorded in Book 6, page 54 of Maps, Records of Los Angeles County," which is an adequate description of the property in question, and cured any deficiency or variance in the original. (*Anderson* v. *Wilstrup,* 34 Cal. App. 771 [168 Pac. 1150]; *Cowing* v. *Wofford,* 68 Cal. App. 538, 544 [229 Pac. 883].)

It also appears from the stipulated facts that prior to May 14, 1923, the date of the escrow instructions, the said agent Evans took the prospective purchaser Mary R. Snyder upon the said property and exhibited the same to her on two occasions, and as to the terms it appears from the stipulated facts that said agent received from said Mrs. Snyder personally her check for $1,000 as a deposit on the purchase price and then brought Mrs. Snyder's agent, a Mr. Tufts, and the appellant together at the office of the Title Insurance & Trust Company, where escrow instructions were signed by appellant as seller and by said Tufts as her agent for and on behalf of Mrs. Snyder as buyer, which instructions clearly stated the terms and the correct description. The $1,000 was deposited in escrow when the same was opened with instructions to place the same to the account of Mary R. Snyder to be used in accordance with her instructions when the title company could issue its guarantee in its usual form, and it was stipulated in said agreed statement of facts "that said prospective purchaser Mary R. Snyder was at all times financially able to purchase said property *upon the terms agreed,*" which meant as appears later that the terms mentioned in the escrow were agreed to.

Appellant argues that respondent must show that he complied strictly with the terms of his agency and found a purchaser ready, able, and willing to purchase the exact property described, and on the exact terms mentioned, and

cites many authorities in support of what is, as an abstract proposition, a well-settled rule.

It appears from the foregoing that respondent had complied with those requirements. Appellant cites authorities on the proposition that if respondent relies upon any modification of the contract or on a new contract he must plead it. The contract was not modified in the sense intended nor was there a new contract in the case at bar. The original contract was not modified by the escrow agreements; as shown by the stipulation the intention of the parties was merely explained and amplified. There is no merit in this contention.

Appellant's second contention is that the agent did not produce a customer ready or willing to purchase the property described in the escrow instructions or upon the terms named therein, and again cites many authorities to sustain the well-settled rule that in order to recover a commission the agent must produce a purchaser ready, able, and willing to purchase the property. As stated above, the prospective purchaser's financial ability to purchase was stipulated, also her ability to purchase the property described in the escrow "upon the terms agreed," and, further, that she paid the agent the $1,000 by check to bind the bargain, which $1,000 was deposited to her credit in the escrow, and that she previously visited the property on two occasions. We think no further discussion of this contention is necessary at this point. The question of whether the escrow constituted an agreement between the purchaser and seller is considered later.

Appellant next contends that there was no written agreement to purchase the property except the escrow instructions and that they did not constitute an agreement, nor even a valid escrow, because there was no binding agreement in force upon which to predicate the same, and cites *Pehl* v. *Fanton*, 17 Cal. App. 247 [119 Pac. 400]; *Miller* v. *Sears*, 91 Cal. 282 [25 Am. St. Rep. 176, 27 Pac. 589]; *Mott* v. *Minor*, 11 Cal. App. 774 [106 Pac. 244], and other authorities, contending that they are to the effect that it must be shown that the purchaser must have actually entered into a binding contract to purchase or has offered to the vendor, and not merely to the broker, to enter into such a contract,

and that instructions in an escrow separately signed do not necessarily constitute such a contract, but in such a situation the separately signed escrow instructions amount only to an offer or revocable order binding on neither until there has been an actual consummation of the sale or until they have entered into a mutual contract.

Assuming that under the authorities cited appellant felt justified in relying on this rule, later decisions of the supreme court have held that the separately executed instruments in an escrow are to be considered together as one contract and the mutual stipulations of the parties, the actual conveyance in escrow by one and the promise by the other to pay the price, both being valid, constitute a sufficient consideration to create a valid contract. (*Tuso* v. *Green*, 194 Cal. 574 [229 Pac. 327]; *Thoroman* v. *David*, 199 Cal. 386 [249 Pac. 513].)

In the case at bar the escrow instructions of both parties were dated May 14, 1923, and deposited in the escrow at the same time. A deed was deposited in the escrow by the seller, and the $1,000 above mentioned deposited to the credit of the buyer to be applied on the purchase price, and this was sufficient to constitute a contract under the above decisions and to entitle the broker to his commission, notwithstanding that the escrow was subsequently canceled by consent of all the parties and the sale not actually consummated.

█ Appellant contends that the agent Evans consented to the cancellation of the escrow and the entire transaction and to the return of the $1,000 to the purchaser, and thereby waives his commission. We do not deem it necessary to quote the various letters relating to the cancellation of the escrow; we find nothing therein to indicate other than that the parties for reasons satisfactory to themselves decided to cancel the escrow and that all parties, including Evans, were requested to and did sign a consent that this might be done and the $1,000 returned to the purchaser, and the deed to the seller, but there is nothing stating that Evans consented to surrender his right to the commission.

Appellant's fifth contention that the agent's agreement was insufficient upon which to base an action because of an erroneous description has been disposed of previously

and his sixth contention that plaintiff seeks to recover on an oral agreement needs no discussion as that question has now been eliminated by what has been previously said.

Appellant's seventh and final contention is that the agent was bound by the provision in the contract fixing his compensation in the event of a default on the part of the prospective purchaser. Assuming that this might have required discussion had there been such a default we think it is sufficiently answered by the fact that the escrow was terminated by the consent of all parties as contended above by appellant himself, and that there was no default.

It perhaps is proper in conclusion to consider the question raised by appellant in his closing brief as to the agent Tufts never having been authorized in writing to sign the escrow instructions for his principal, Mrs. Ryan, the prospective purchaser, because while this point is raised in appellant's closing brief it is made in an effort to show that the case at bar does not come within the rule laid down in *Tuso* v. *Green.*

Admitting for the sake of argument that there is no direct stipulation in the agreed statement of facts that Tufts was authorized in writing in the beginning to act as her agent, the stipulation of facts may fairly be said to assume such agency and in a letter to Mrs. Boyd of the Title Insurance and Trust Company, signed by Mary R. Snyder, she expressly refers to "my authorized agent O. M. Tufts." This is a sufficient ratification to be equivalent to a previous authorization.

Judgment affirmed.

Craig, Acting P. J., and Thompson, J., concurred.