[Civ. No. 7738. First Appellate District, Division Two.—February 6, 1931.]

G. H. SEWARD, Respondent, v. A. C. GAGE CO. (a Corporation), Appellant.

James W. Bell for Appellant.

L. G. Shelton and O. T. Gilbank for Respondent.

SPENCE, J.—This action was brought to recover a real estate broker's commission. From a judgment in favor of plaintiff, defendant appeals.

The court found that defendant had executed a written listing and authorization for the sale of the property and agreed therein to pay a commission to plaintiff; that plaintiff procured a purchaser ready, able and willing to purchase the property on the terms set forth; that said purchaser and defendant had entered into a binding written escrow contract and thereupon awarded judgment in favor of plaintiff for the amount of the commission agreed upon.

The transaction was somewhat involved. It contemplated the sale of fifty-seven lots for building purposes for the total consideration of $91,280. In payment for the prop-

erty, the purchaser was to execute in favor of defendant twenty-eight deeds of trust on twenty-eight lots subject to a first mortgage on each lot not exceeding fifty per cent of the purchase price of the lot, cost of house and financing. The various details of the transaction were set forth in the escrow instructions signed by defendant and the purchaser and these details were also outlined in the original listing with plaintiff. This written listing and authorization signed by defendant provided ''cash commission to you 5%. Amount $4,560.00 which we agree to pay you''. The escrow instructions signed by defendant directed the escrow-holder to pay such commission to plaintiff.

Appellant contends that the escrow instructions signed by appellant and the purchaser did not constitute a contract and that the commission did not become due to respondent as the sale was never completed. An examination of the escrow instructions signed by appellant and the purchaser convinces us that these escrow instructions did constitute a contract between the parties and that the respondent is entitled to his commission even though the sale was not completed. (*White* v. *Reskin,* 90 Cal. App. 512 [265 Pac. 1016]; *Tuso* v. *Green,* 194 Cal. 574 [229 Pac. 327]; *Thoroman* v. *David,* 199 Cal. 286 [249 Pac. 513]; *Wood & Tatum* v. *Basler,* 37 Cal. App. 381 [173 Pac. 1109]; *Carrington* v. *Smithers,* 26 Cal. App. 460 [147 Pac. 225].)

Appellant concedes that as a general rule a broker is entitled to his commission when he has produced a purchaser who is ready, able and willing to purchase the property on the terms prescribed, but further contends that this case falls within an exception to this general rule, citing *Houghton* v. *Keuhnrich,* 46 Cal. App. 469 [189 Pac. 457], *Stewart* v. *Bowie,* 43 Cal. App. 751 [185 Pac. 868], and *Lind* v. *Huene,* 205 Cal. 569 [271 Pac. 1087]. These cases do not sustain appellant's position and much that is said in the opinions is more favorable to respondent than to appellant. In the present case the agreement to pay a commission was not found solely in the contract between appellant and the purchaser. The written authorization to respondent previously executed by appellant contained the agreement to pay the commission to respondent as hereinabove set forth.

In our opinion the evidence supported the findings and the trial court correctly concluded that respondent was entitled to judgment for the agreed amount.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.