[Civ. No. 583. Fourth Appellate District.—November 15, 1932.]

M. N. TRICKEY, Respondent, v. FLOYD B. SMITH et al., Appellants.

West & McKinney for Appellants.

Drumm, Tucker & Drumm for Respondent.

BARNARD, P. J.—This is an action to recover a commission for the sale of certain real estate. The following facts are not disputed: On November 18, 1929, the defendants signed and gave to the plaintiff, a licensed real estate broker, a listing authorizing the plaintiff to sell the property in question for $43,125, and agreeing to pay him a commission of five per cent of the selling price in the event he was able to sell or procure a purchaser for the same. On September 15, 1930, and while said listing was still in force, the plaintiff procured a purchaser for defendants' property on the basis of part payment in cash and the balance through an exchange of other property. This purchaser and the defendants entered into a written agreement providing for the exchange of their properties on definite terms named therein. Among other things, the defendants agreed to convey the property they were selling free and clear from encumbrances, although at the time it was encumbered by a mortgage. This agreement further provided that the defendants would pay to the plaintiff as a commission for procuring this exchange of real properties, the sum of $1250. On September 15, 1930, this exchange agreement, with appropriate instructions, was placed in escrow with a certain title company. On November 14, 1930, while this escrow was still pending, the plaintiff and the defendant Floyd B. Smith signed and placed in the same escrow a supplemental escrow instruction by which it was agreed that all previous instructions relative to the commission to be paid to the plaintiff were canceled and, in lieu thereof, providing that the sum of $975 was to to be paid as a commission to the plaintiff from the defend-

ant Floyd B. Smith. The defendants were unable to raise the money on other property they owned with which to clear the title to the property they were selling and, after waiting until December 15, 1930, the other party to the exchange agreement withdrew from the escrow and refused to give further time for the completion of the exchange. Under the agreement of exchange, the deal was to have been completed "within a reasonable time" after September 15, 1930. The court found that the other party to the agreement waited for a reasonable time after that date and this finding is not attacked. Judgment was entered in favor of the plaintiff for $975 with interest, and the defendants have appealed.

The first point raised is that the court erred in refusing to admit evidence offered by the appellants in support of certain affirmative defenses set up in their answer. These defenses were to the effect that before the exchange agreement was executed, the respondent had agreed that he would completely finance the properties involved in the exchange in whatever amount was necessary in order that the exchange provided for might be consummated, and that he failed so to do; and further, that at the time said agreement was made the respondent agreed that he would charge no commission unless the exchange was actually consummated. Through these defenses the appellants sought, by evidence of preceding oral negotiations, to vary the terms of the original listing agreement as continued and applied in the exchange agreement, and of the final written agreement between the parties on November 14, 1930. No attempt was made to allege or prove fraud, mistake or undue influence. Under the facts shown, we think the ruling complained of was correct. (Civ. Code, sec. 1625; Code Civ. Proc., sec. 1856; *Lundeen* v. *Ottis*, 164 Cal. 183 [128 Pac. 335].)

The next point that need be considered is appellants' contention that under an exchange agreement to which he is not a party, a real estate broker is not entitled to his commission until an exchange has been actually consummated. Appellants rely on such cases as *Jennings* v. *Jordan*, 31 Cal. App. 335 [160 Pac. 576], and *Brion* v. *Cahill*, 34 Cal. App. 258 [165 Pac. 704], where the agent has no written authorization or listing and where he merely claims the benefit of a provision in an exchange agreement between other parties providing for the payment of a commission. The distinction

between such cases and the instant case is clearly set forth in the case of *Stewart* v. *Bowie*, 43 Cal. App. 751 [185 Pac. 868]. In the case now before us, the respondent had a written listing agreement, the appellants accepted the purchaser he procured and entered into a binding contract with this purchaser upon terms satisfactory to them, confirming in that contract the right of the respondent to a commission, and two months thereafter signed an unconditional agreement to pay a commission. Under these circumstances, the payment of the commission was not dependent upon the actual completion of the exchange (*Stewart* v. *Bowie, supra*).

The only other point raised is that a contract made expressly for the benefit of a third person, cannot be enforced by him after it has been rescinded by the parties thereto. This has been answered by what we have already said, it fully appearing that the respondent is in a very different position from one who relies only on a contract between two other parties containing an incidental provision for his benefit. The plaintiff had a written listing agreement, furnished a purchaser with whom the appellants entered into a binding contract of exchange upon terms satisfactory to them and in which they agreed to pay a commission, and later this was followed by a third agreement to pay the commission, which was made directly with the respondent.

For the reasons given, the judgment is affirmed.

Marks, J., and Jennings, J., concurred.