[Civ. No. 17100.   Second Dist., Div. One.   Jan. 11, 1950.]

W. I. HOLLINGSWORTH & CO. (a Corporation), Appellant v. HENRY O. GALLEN et al., Respondents.

Walker, Meyers, Ingram & Moser and Sydney S. Finston for Appellant.

Bauder, Gilbert, Thompson, Kelly & Veatch and W. I. Gilbert, Jr., for Respondents.

DORAN, J.—The action herein was instituted by appellant to recover the sum of $8,575 as a real estate broker's commission based upon a written contract of employment by the respondents.   The respondent Gallen, record owner of the property in question, on January 12, 1945, gave to the respondents Bulask and Cole, a real estate brokerage firm, an option to purchase said property.   In October or November, 1946, Cole met with a Mr. Kurlander, an employee of plaintiff-appellant, for the purpose of discussing sale of the property by appellant.   This meeting resulted in a letter signed by Bulask and Cole giving to the Hollingsworth Company "an option to purchase the southwest corner of Olympic Boulevard and Bundy Drive, consisting of approximately 155,000 square feet," at a price of $175,000.   The appellant company was to "receive commission on the gross sale price of 5%," and

the option was "only for the sale of said property to W. & J. Sloane Company, or nominee, who will lease and/or erect building for W. & J. Sloane Company as tenants." By another letter, this option which by its terms expired on December 5, was extended to December 15, 1946.

On December 14, 1946 a "Standard Form Deposit Receipt" was executed by "W. I. Hollingsworth & Co. (Broker) by John J. Kurlander," acknowledging receipt from W. & J. Sloane of "$15,000.00 deposited as initial payment on the purchase of . . . Southwest corner of Olympic and Bundy. 588 feet running West of Bundy on Olympic. 260 feet running south on Bundy from Olympic; by approximately 588 feet running west from Bundy along railroad right-of-way; by 271 feet on west side of property." The full price stipulated was $171,500; the buyer W. & J. Sloane by Myles E. Andrews, Vice President, signed in acceptance under the printed words "I agree to purchase said property on the above terms." The owner, Henry O. Gallen together with Cole and Bulask, signed the following statement printed at the foot of the receipt: "I . . . hereby agree to sell said property on above terms and conditions and agree to pay a commission of $8,-576.00 to the above named Broker, or one-half the deposit in the event same is forfeited by the purchaser, provided that same shall not exceed the full amount of the commission."

It appears from the the record that in place of the dimensions recited in the deposit receipt quoted above, the actual dimensions of the property were 577.83 by 245.07 by 566.63 by 266.56 feet making the actual area about 30,000 square feet less than the computed area. "Within two weeks after said contract . . . ," according to appellant's brief, "the purchaser demanded of plaintiff-appellant (broker) the return of the $15,-000 so deposited" on account of the area shortage, and "The plaintiff-appellant thereupon returned the $15,000 deposit and the contract of purchase was never thereafter consummated." The respondents refused to pay appellant anything at all as a commission or otherwise and the present action resulted. The trial court granted a nonsuit at the close of plaintiff's case.

Appellant's brief presents the basic contention that "The trial court erred in granting a motion of non-suit in that plaintiff-appellant had successfully proven a prima facie case for recovery of a brokerage commission . . . by having proved the existence of an employment contract . . . the terms thereof, . . . all necessary performance on the part of plaintiff-appellant, . . . a breach on the part of defendants-re-

spondents, and . . . damages.'' Appellant insists that ''The lower court fused the employment contract with the purchase and sale agreement to such an extent as to superimpose upon the employment contract conditions which were foreign to it and which were properly part of the purchase and sale agreement only.'' Briefly, it is claimed that ''return of the $15,000 deposit upon demand of the purchaser . . . had nothing whatever to do with plaintiff-appellant's prima facie case for recovery of commissions.''

The respondents answer these contentions by averring that ''The plaintiff . . . showed affirmatively that he had not performed the obligations under the contract of employment''; that ''Through a mistake in the description of the property the plaintiff negotiated an invalid contract of sale''; that ''The plaintiff recognized the invalidity . . . rescinded the contract so far as it was able and took a position adverse to the defendants, as sellers, by returning the deposit''; that ''The defendants secured no benefit as a result of any services rendered by the plaintiff''; and that the nonsuit was properly granted because the plaintiff failed to make out a prima facie case to recover.

Appellant's contentions cannot be sustained. Under the evidence disclosed by the record, it cannot be said that the trial court's granting of a nonsuit constitutes reversible error. Rather, as respondents aver, the appellant's evidence merely ''shows that it negotiated a contract unenforceable between purchaser and seller because of a mistake in the description.'' The only contract negotiated was one which attempted to sell to W. & J. Sloane real estate of a description different from and smaller than that which the latter proposed to buy. The general effect of the appellant's activity was therefore no better, so far as the seller was concerned, than a situation in which the broker had been unable to find any purchaser. Indeed, no purchaser was produced ''ready willing and able'' to buy the property as it actually existed. That this situation was recognized by appellant broker is, of course, evidenced by appellant's return of the $15,000 deposit. The respondents secured no possible benefit as a result of any services rendered by appellant.

No cases have been cited in support of appellant's position wherein the factual situation is sufficiently similar to that here existing. *Stewart* v. *Bowie,* 43 Cal.App. 751 [185 P. 868], relied upon by appellant, merely affirms the rule that

commissions are due a broker who procures "a purchaser who is ready, willing and able to take the property on the terms prescribed," and decides that in such a case "the broker cannot be deprived of the agreed compensation because deferred payments are not made by the purchaser, or other terms of the contract are not carried out." But, as already pointed out, the appellant broker, by its own showing, never did produce such a prospective purchaser ready to take the particular property as it actually existed. Without in any manner attempting to decide whether the broker rightfully or wrongfully returned the purchaser's deposit, the record fails to show that the plaintiff made out a prima facie case on the question of an earned compensation.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied February 6, 1950, and the opinion was modified to read as above. Appellant's petition for a hearing by the Supreme Court was denied March 6, 1950. Carter, J., and Spence, J., voted for a hearing.