[Civ. No. 16115.   First Dist., Div. Two.   Mar. 28, 1955.]

E. O. HUTTLINGER, Appellant, v. FAR WEST ENTERPRISES, INC. (a Corporation), Respondent.

DiMaria, DiMaria & Daschbach for Appellant.

Crist, Peters & Donegan and Elton F. Martin for Respondent.

NOURSE, P. J.—Plaintiff sued to recover a broker's commission of 5 per cent on a real estate transaction of $175,000. He appeals from an adverse judgment based on findings of fact and conclusions of law showing the following grounds for the denial of the commission:

(1) that the agreement of sale procured by plaintiff was unenforceable because fatally uncertain and illusory;

(2) that plaintiff and defendant signed said agreement in the mutual mistaken belief that the purchaser procured by plaintiff was ready, able and willing to perform the agreement as signed, that said purchaser never was so ready, able and willing and that the agreement was not consummated because of said purchaser's failure to perform;

(3) that in case of such failure to perform the agreement of the parties provided for a commission for plaintiff of one half of the deposit of $2,000 to be forfeited, that, however, plaintiff actively prepared and procured the return of said deposit to the defaulting purchaser without making any claim for commission and thereby waived his commission and entered into a modifying agreement with defendant to that effect.

The last of these three propositions is mainly factual in character and supported by substantial evidence. Although on certain points not without conflict, the record contains evidence to the following effect: The deposit receipt and agreement for sale was signed on July 8-9, 1952 and provided for a purchase price of $175,000 of which $2,000 had been deposited, $123,000 was to be paid within 45 days from the acceptance of the offer, and the balance to be covered by a promissory note; defendant agreed to pay as broker's com-

mission 5 per cent of the purchase price, or one half of the deposit in case same was forfeited by purchaser; seller's right to declare the forfeiture of said deposit as liquidated damages in case buyer failed to pay the balance of the purchase price was expressly stipulated. Subsequent to the signing of said agreement, the purchaser, a certain Gamel or his corporation, met with difficulty in raising the $123,000 to be paid. Plaintiff so informed defendant and with defendant's consent tried to bring about a deal regarding the same property for the same total price but in which besides Gamel three additional persons procured by plaintiff would be purchasers of parts of said property and would receive deeds direct from defendant. Documents relating to said deal were drawn up by plaintiff's attorney, but the deal did not go through. The three intended new purchasers placed in escrow over $60,000 but Gamel paid only $11,000 to plaintiff over the original deposit of $2,000 and for the rest tried to obtain permission from the holders of deeds of trust on seller's property, on which incumbrances there were arrears, to assume part of said obligations, which permission was not obtained. On October 23, 1952, plaintiff by his salesman Dan Huttlinger informed defendant that one of the three new purchasers, Bertrand, wished to get out of the deal and Dan dictated a letter authorizing the return of Bertrand's funds out of the escrow, which letter was signed by defendant. When Gamel heard of this release he told plaintiff that he also wanted his money back. Plaintiff was informed by his attorney that he could not return the money without the consent of defendant. With advice of his attorney he drew up a release of the money deposited or placed in escrow by Gamel and offered it for signature to Mr. Peters, defendant's agent and attorney advising him that he thought the money should be released. Mr. Peters signed it for defendant.

The above evidence supports the finding that the agreement on which plaintiff bases his claim of commission ''was not consummated due to the failure of the proposed purchaser, Gamel Construction Company, to perform,'' which finding moreover is not attacked on appeal. Therefore the provisions of said agreement which gave respondent the right to declare the deposit of $2,000 forfeited and restricted appellant's commission to half of said deposit became effective. ■ When under these circumstances appellant urged the return of the deposit without mentioning any claim of commission such conduct could reasonably be understood as waiver of any

commission. ▮ " 'Waiver' has been repeatedly defined as 'the intentional relinquishment of a known right or such conduct as warrants an inference of the relinquishment of such right, and may result from an express agreement or be inferred from circumstances indicating an intent to waive' (citations)" (*Panno* v. *Russo*, 82 Cal.App.2d 408, 412 [186 P.2d 452]). ▮ "Unless but one inference can be drawn from the evidence, waiver and estoppel are questions for the jury or the trial court" (*Krobitzsch* v. *Middleton*, 72 Cal.App. 2d 804, 815 [165 P.2d 729] ; 25 Cal.Jur., p. 32). The finding of waiver by conduct in this case is binding on this court.

Appellant strongly relies on *White* v. *Reskin*, 90 Cal.App. 512, 517 [265 P. 1016]. In that action for broker's commission a judgment for the broker was affirmed, the court holding that when all parties for reasons satisfactory to themselves decided to cancel the contract of sale and all, including the broker, were requested to and did sign a consent to the cancellation of the escrow and the return of a deposit of $1,000 such did not imply that the broker consented to surrender his right to the commission. It is also stated that there was no default of the purchaser. The distinguishing features are obvious. Here the broker did not only consent to the return of the deposit and the money placed in escrow but actively urged and procured the return, the termination of the contract was not by voluntary consent but forced by the purchaser's default, so that the return of the deposit acquired a special importance and finally the judgment in the court below was here adverse to the broker so that all intendments are against him whereas they were in his favor in the White case.

The finding of an implied agreement to cancel the commission contract, is another form only of stating the above waiver by conduct and must be upheld on the same grounds.

As the upholding of the waiver fully decides the case, we need not discuss the other two grounds stated.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.